**COMMONWEALTH of Pennsylvania**

v.

**Stephen LYONS, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 27, 2003.

Decided Aug. 20, 2003.

Stephen Lyons, appellant, pro se.

Kenneth A. Osokow, Williamsport, for appellee.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

SIMPSON, Judge.

Stephen Lyons appeals from an Order of the Court of Common Pleas of Lycoming County (trial court) which granted his request to stop Act 84 deductions but denied his request to "quash" costs, fines and restitution.[1] We affirm.[2]

Lyons is an inmate currently incarcerated in a state correctional institution. The trial court cost clerk sent a financial obligation form to the Department of Corrections (DOC), seeking payment from Lyons' inmate account pursuant to Section 9728 of the Sentencing Code, 42 Pa.C.S. § 9728(b)(5), commonly referred to as Act 84.[3] The money was to be used to pay costs, fines, and restitution ordered as part of Lyons' sentences for several prior criminal convictions, all of which were at least several years old.[4]

Lyons filed papers seeking to stop Act 84 deductions from his inmate account. The trial court granted that request.

More importantly for present purposes, Lyons also asked the trial court to "quash" his costs, fines and restitution in their entirety. Further, Lyons sought reimbursement of the funds already removed from his inmate account. The trial court denied these additional requests. This appeal followed.[5]

1. The Commonwealth did not appeal that portion of the trial court's Order granting Lyons' Request to Stop Act 84 Deductions; therefore, that part of the Order is not at issue here.

2. Although this matter does not fall within any class of case for which the Commonwealth Court was granted jurisdiction, 42 Pa. C.S. § 762, no objection to our jurisdiction is raised. The failure to object perfects appellate jurisdiction in this Court. 42 Pa.C.S. § 704.

3. Act 84, passed by the General Assembly in June 1998, amended Section 9728 of the Sentencing Code, 42 Pa.C.S. § 9728, and provided a new subsection (b)(5), which authorized *the Department of Corrections to collect fines, costs, and restitution from inmate prison ac-* counts and to forward the same to the designated representative of the sentencing county.

4. Lycoming County Court of Common Pleas Nos. 85–10,547; 81–11,110; 85–11,235; 86–10,164; 86–10,440; 86–10,461; 87–10,411; 92–11,646; 95–10,213; and 95–10,788. Aside from the ordered, but not paid, costs, fines, and restitution, Lyons completed the remainder of his sentences on those convictions prior to February 2000. Lyons' current incarceration is for a subsequent criminal conviction and does not involve the court costs, fines, and restitution at issue here.

5. Our review of the trial court's order is limited to determining whether Lyons' constitutional rights have been violated and whether the trial court committed an error of law or

Lyons raises three issues. First, he argues his additional requests be granted because he fully served the imprisonment and probation portions of his remote sentences before the attempt to collect the costs, fines and restitution. Second, he asks that his additional requests be granted because Act 84 is applied in an unconstitutional *ex post facto* manner. Third, he argues he is entitled to reimbursement of the Act 84 deductions made prior to the trial court's order halting the deductions.

## I.

■ Lyons seeks to have the costs, fines, and restitution "quashed" because he fully served the confinement and supervision portions of his remote sentences before the Act 84 deductions were taken. He argues that the deductions improperly resurrect his sentences. He also claims that the operation of Act 84 deductions is unconstitutional as applied to his preexisting sentences and, therefore, he should be relieved of his sentenced costs, fines and restitution.

The remedy Lyons seeks is actually a modification of his sentences to remove payment of costs, fines, and restitution. Although Lyons styles his argument in terms of whether Act 84 was appropriately applied, Act 84 relates only to the *method* of collection and has no bearing whatsoever on the *legality* of his sentences. *Sweeney v. Lotz*, 787 A.2d 449 (Pa.Cmwlth. 2001), *petition for allowance of appeal denied*, 572 Pa. 717, 813 A.2d 848 (2002)(Act 84 is not penal in nature; rather it provides a procedural mechanism for collection); *Sweatt v. Dep't of Corr.*, 769 A.2d 574 (Pa.Cmwlth.2001)(Act 84 is merely a change in the method of collection of costs and fines, procedural in nature). We

abused its discretion. *Commonwealth v. Ral-*

therefore address whether Lyons is entitled to modification of his sentences.

■ An offender may request modification of a sentence in one of several ways: 1) a motion for modification of the sentence under Pa. R.Crim. P. 720, which must be made within 10 days of the imposition of sentence; 2) a direct appeal of the sentence under Pa. R.A.P. Rules 901–911, notice of which must be given within 30 days of the imposition of sentence; 3) a petition for postconviction relief under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541 9546, which must be filed within one year of the date the judgment of sentence becomes final; or 4) a petition to amend an order of mandatory restitution made during a sentencing hearing, which may be filed at any time. 18 Pa.C.S. § 1106(c)(2)(iii); *see Com. v. Burke*, 801 A.2d 1257 (Pa.Super.2002).

Lyons filed his papers in August 2002, seven years after the last sentence at issue was entered in August 1995. Seven years is well past the allowed periods for seeking modification of costs and fines. Lyons does not plead any special circumstances to support a modification of those portions of his sentences at such a late date. Therefore, no error is evident in the trial court's refusal to modify costs and fines.

As to restitution, its imposition initially lies within the discretion of the sentencing court. *Com. v. Balisteri*, 329 Pa.Super. 148, 478 A.2d 5 (1984). The manner of collection does not implicate the propriety of the underlying sentences. *Sweeney; Sweatt.* Lyons fails to offer any reasons other than those related to collection to support a claim of abuse of discretion in setting or continuing the restitution sentence. In the absence of any relevant argument on the issue, we decline to find an abuse of discretion in the trial court's

*ston*, 800 A.2d 1007 (Pa.Cmwlth.2002).

refusal to modify the restitution portions of the sentences.

Accordingly, the trial court did not err by denying Lyon's requests to modify his sentenced costs, fines and restitution.

## II.

■ Lyons next argues he is entitled to reimbursement of the money deducted pursuant to Act 84 from his inmate account prior to the trial court's order to stop the deductions. Lyons argues that the trial court found the deductions inappropriate, and he should receive reimbursement. Lyons also argues his property interest in his inmate account mandates reimbursement.

*In order to address whether Lyons is entitled to reimbursement, we must determine whether the deductions were taken properly. We hold that the deductions were proper.*

Initially, we note that Act 84 clearly authorizes the deductions taken here. 42 Pa.C.S. § 9728(b)(5).

Further, no ability to pay hearing is required prior to Act 84 deductions being taken unless there is pleading and proof of a material change in circumstances since sentencing, such as the threat of additional confinement or increased conditions of supervision if the financial obligations are not paid. *George v. Beard,* 824 A.2d 393 (Pa.Cmwlth.2003).[6] Lyons fails to offer such proof.

Also, Act 84 is procedural in nature, not penal, and therefore may be applied retroactively without being unconstitutional. *Sweatt; accord, Payne v. Dep't of Corr.,* 813 A.2d 918 (Pa.Cmwlth.2002). Thus, as here, deductions may be taken to satisfy sentences entered before Act 84 became effective.

This Court addressed the argument that Act 84 deductions cannot be taken for sentences for which an inmate completed his or her supervision. In *Commonwealth v. Ralston,* 800 A.2d 1007 (Pa.Cmwlth. 2002), we determined that Act 84 specifically permits the collection of costs, fines, and restitution in excess of the maximum term of incarceration. 42 Pa.C.S. § 9728(c). Thus, Lyon's challenge on this basis lacks merit.

We recognize Lyons' property interest in his inmate account. This Court, however, consistently holds that where Act 84 deductions are sent to the appropriate county agent for payment of court-ordered obligations, an inmate is not entitled to reimbursement of those deductions. *George,* 824 A.2d at 397; *accord, Harding v. Stickman,* 823 A.2d 1110 (Pa.Cmwlth. 2003). Here, there is no allegation that the Act 84 deductions were sent to an improper agent.

For the foregoing reasons, the trial court did not commit an error of law or abuse of discretion when it refused reimbursement. Therefore, we affirm.

### *ORDER*

AND NOW, this 20th day of August, 2003, the Order of the Court of Common Pleas of Lycoming County is affirmed.

---

**6.** *Cf. Commonwealth v. Fleming,* 804 A.2d 669 (Pa.Super.2002)(hearing is required where Commonwealth initiates enforcement proceeding, but different procedure obtains where deductions are taken by corrections officials pursuant to Act 84).