# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Benchoff,                                    :
                Appellant                          :
                                                 :
          v.                               : No. 916 C.D. 2015
                                                 : Submitted: October 2, 2015
Franklin County Payment Division                   :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE MARY HANNAH LEAVITT, Judge
                 HONORABLE ANNE E. COVEY, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE LEAVITT                         FILED: December 15, 2015


      Robert Benchoff, *pro se*, appeals the order of the Court of Common Pleas of the 39th Judicial District, Franklin County Branch (trial court)[1] dismissing his complaint for the stated reason that it lacked subject matter jurisdiction. Benchoff challenges the deductions made by the Franklin County Payment Division (the County) from his inmate account. Benchoff asks this Court to remand his complaint to the trial court for a decision on the merits of his complaint. Discerning no merit to Benchoff's jurisdictional argument, we affirm.

      On May 11, 2015, Benchoff filed a "Rule To Show Cause,"[2] requesting the trial court to order the County to show why its garnishment of his

---

[1] We will refer to the "trial court" when addressing the proceedings that took place in the civil action now before us; we will refer to the "sentencing court" when referring to Benchoff's criminal proceedings.

[2] In actuality, a trial court issues a rule to show cause upon petition seeking its issuance. *See* PA. R.C.P. Nos. 206.4-206.6 (procedures for being granted a rule to show cause).

inmate account was an appropriate method for paying the costs imposed by the sentencing court. Supplemental Reproduced Record at 1b (S.R.R. __). At issue was a 1998 $540.40 assessment to reimburse the county sheriff's office for Benchoff's transport from SCI-Waymart to a resentencing hearing.[3] The trial court dismissed Benchoff's rule to show cause for lack of jurisdiction. The trial court concluded that Benchoff should present his claim in a Post Conviction Relief Act (PCRA)[4] petition, filed under his criminal case caption and case number.

On June 6, 2015, Benchoff appealed to this Court. Benchoff also filed a motion for PCRA relief, as instructed by the trial court. The Commonwealth responded by claiming the PCRA motion was untimely because it was Benchoff's third PCRA petition and was well beyond the one-year time bar. Further, Benchoff did not raise any of the exceptions to the one-year deadline specified in Section 9545(a) and (b) of the PCRA.[5] Benchoff's judgment of sentence had become final

---

[3] In his "rule to show cause," Benchoff also challenged two 1995 restitution awards totaling $1316.43. However, in his brief to this Court, Benchoff states he is only seeking to challenge the transportation cost assessment and has "waived" the "other claims regarding the restitution imposed." Benchoff Brief at 2.

[4] 42 Pa. C.S §§ 9541-9546.

[5] It provides:

> (a) Original jurisdiction.--Original jurisdiction over a proceeding under this subchapter shall be in the court of common pleas. No court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under this subchapter.
>
> (b) Time for filing petition.--
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with

**(Footnote continued on the next page . . .)**

2

on October 24, 2001, which made his first PCRA petition in 2004 untimely. In 2012, the sentencing court dismissed Benchoff's second PCRA petition for the same reason.

On June 22, 2015, the sentencing court dismissed Benchoff's third PCRA petition. The trial court dismissed the petition for two reasons. First, Benchoff failed to raise the issue of transportation costs in his prior PCRA petitions. Section 9544(b) of the PCRA provides that issues not raised in a prior post conviction proceeding are waived.[6] Second, Benchoff's third PCRA petition was untimely and did not raise any grounds for an exception to the one-year statute of limitations for filing a PCRA petition.

---

**(continued . . .)**

the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa. C.S. §9545(a), (b).

[6] It provides: "For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa. C.S. §9544(b).

3

On appeal, Benchoff asserts that the trial court should address the merits of the 1998 sentencing order and relieve Benchoff of the $540.40 assessment. He argues that the County is collecting an improper debt.[7] The County responds that the trial court did not err because only the sentencing court can relieve him of this debt. Further, the proper defendant in such a proceeding is the Commonwealth of Pennsylvania.

We begin with a review of Benchoff's criminal history. In 1995, Benchoff was sentenced on two separate criminal convictions for incidents that occurred on October 4, 1994, and December 25, 1994. On October 4, 1994, while under a court order prohibiting him from having contact with his children, Benchoff took his children from their school and threatened to kill himself and the children. This resulted in a conviction for two counts of interference with custody. On December 25, 2004, Benchoff broke into his estranged wife's home and, in the presence of the children, shot her with a stun gun and made numerous threats

---

[7] Benchoff also contends that the trial court's order is a final order because it ended this claim against the County in its entirety and directed him to pursue a futile PCRA petition. By definition:

A final order is any order that:
(1) disposes of all claims and of all parties; or
(2) is expressly defined as a final order by statute; or
(3) is entered as a final order pursuant to subdivision (c) of this
rule [involving multi-claim actions].

PA. R.A.P. 341. The finality of the order is not addressed by the trial court or the County. We note that Pennsylvania Rule of Appellate Procedure 311(c) provides as follows for taking an appeal as of right:

An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles.

PA. R.A.P. 311(c).

against her and her family. This resulted in a conviction for burglary, criminal trespass and simple assault. Benchoff was sentenced consecutively on each of the convictions, for an aggregate prison term of six to 34 years.

Benchoff appealed to the Superior Court. *See Commonwealth v. Benchoff*, 700 A.2d 1289 (Pa. Super. 1997). The Superior Court determined that his convictions for burglary and simple assault should have merged for sentencing purposes because the crimes arose out of the same unlawful act. The sentence on the charges of burglary, criminal assault and simple assault were vacated, and the matter remanded for resentencing.

On January 22, 1998,[8] the sentencing court ordered the sheriff to transport Benchoff from SCI-Waymart to the county prison for resentencing on March 4, 1998. The order stated "[c]osts of said transportation to be paid by the County of Franklin and taxed to the case in the above entitled matter." S.R.R. 20b. At the hearing, the sheriff introduced an invoice of $540.40 for costs of transportation. S.R.R. 21b. It was added to the total amount Benchoff owed in restitution, costs and fees. Specifically, Benchoff was assessed $949.00 in restitution and $1,075.40 in cost/fees. On March 10, 1998, Benchoff was sentenced to a term of six to 32 years, with a minimum release date of December 16, 2000, and a maximum release date of December 16, 2026.[9] He was also sentenced to "pay the costs of prosecution." S.R.R. 13b.

---

[8] The transportation order incorrectly listed the year as "1997." The Superior Court ordered remand for resentencing on August 29, 1997. Benchoff agrees that the correct date was January 22, 1998. Benchoff Brief at 6.

[9] Benchoff is currently incarcerated at SCI-Camp Hill.

This leads to the issue before the Court, which is whether the trial court had subject matter jurisdiction over Benchoff's claim against the County presented in his "rule to show cause." We begin with a review of the relevant case law precedent.

In *Commonwealth v. Williams*, 909 A.2d 419 (Pa. Cmwlth. 2006), an inmate challenged a withdrawal from his inmate account to pay an assessment for transportation. He filed a petition under the caption and docket number for his criminal case. The sentencing court concluded that it lacked jurisdiction, and Williams appealed. We held that "[c]osts must not be assessed except as authorized by law, and the Commonwealth bears the burden of justifying such costs by the preponderance of evidence." *Id.* at 420-21. We concluded, therefore, that the challenge belonged before the sentencing court and, thus, ordered a remand.

In *Neely v. Department of Corrections*, 838 A.2d 16 (Pa. Cmwlth. 2003), an inmate was ordered by the sentencing court to pay a fine of $50,000. The inmate filed an action against the Department of Corrections to stop the deductions from his inmate account for payment on this obligation. In response to the Department's preliminary objections, we held

> the avenue to challenge the payment of criminal fines is in a direct appeal or in post conviction relief under the Post Conviction Relief Act, 42 Pa. C.S. §§ 9541-9546. These are adequate remedies by which an offender in custody may challenge any aspect of the sentence.

*Id.* at 19. Accordingly, we sustained the Department's preliminary objections and dismissed the inmate's petition.

6

Likewise, in *Commonwealth v. Lyons*, 830 A.2d 663 (Pa. Cmwlth. 2003), we identified the proceedings available to an inmate seeking to challenge a sentence to pay costs, fines and restitution. We listed the available options as follows:

> 1) a motion for modification of the sentence under Pa. R.Crim. P. 720, which must be made within 10 days of the imposition of sentence; 2) a direct appeal of the sentence under Pa. R.A.P. Rules 901-911, notice of which must be given within 30 days of the imposition of sentence; 3) a petition for postconviction relief under the Post Conviction Relief Act, 42 Pa. C.S. §§ 9541 9546, which must be filed within one year of the date the judgment of sentence becomes final; or 4) a petition to amend an order of mandatory restitution made during a sentencing hearing, which may be filed at any time. 18 Pa.C.S. § 1106(c)(2)(iii); see *Com. v. Burke*, 801 A.2d 1257 (Pa. Super. 2002).

*Lyons*, 830 A.2d at 665.

Because Benchoff's challenge has been lodged more than a decade after his sentencing order, it is too late for him to pursue a motion for modification or a direct appeal under Pennsylvania Rules of Appellate Procedure 901-911. Because he is not challenging an order of restitution, the fourth petition identified in *Lyons* is irrelevant. This leaves the third petition, *i.e.*, a petition for post conviction relief, which is precisely what the trial court held to be the appropriate procedure.

Further, as explained in *Williams*, it is the Commonwealth's burden to justify the costs imposed on Benchoff. Accordingly, the appropriate defendant is the Commonwealth, not the County.

Benchoff's most recent PCRA petition has been dismissed, but that decision is not before us. The only question is whether the trial court erred in

7

dismissing Benchoff's action against the County. As established in *Williams*, *Neely* and *Lyons*, Benchoff was properly directed by the trial court to seek whatever relief may be available to him from the sentencing court.

For the above-stated reasons, we affirm the trial court.

_____
MARY HANNAH LEAVITT, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Benchoff,               :
            Appellant        :
                              :
        v.                 :  No. 916 C.D. 2015
                              :
Franklin County Payment Division  :

## O R D E R

AND NOW, this 15th day of December, 2015, the order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch), dated May 18, 2015, is AFFIRMED.

                              _____
                              MARY HANNAH LEAVITT, Judge