IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard Young Jr., | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 485 M.D. 2015 |
| | : | Submitted: October 28, 2016 |
| Pennsylvania Department of | : | |
| Corrections & Lancaster County | : | |
| Clerk of Court Joshua Parsons, | : | |
| Respondents | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                         FILED: December 22, 2016

Before the Court are the preliminary objections of the Pennsylvania

Department of Corrections (Department) and the Lancaster County Clerk of Court,

Joshua Parsons (Clerk of Courts), to the "Motion for Act 84 Reimbursement"[1] filed

---

[1] Act 84, passed by the General Assembly on June 18, 1998, amended Section 9728 of the Sentencing Code, 42 Pa. C.S. §9728, by adding subsection (b)(5). Section 9728(b)(5) authorizes the Department to collect fines, costs, and restitution from inmate prison accounts and forward the fund to the sentencing county. In full:

> The county correctional facility to which the offender has been sentenced or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation or costs imposed under section 9721(c.1). Any amount deducted shall be transmitted by the Department of Corrections or the county correctional facility to the probation department of the county or other agent designated by the county commissioners of the county with the approval of the president judge of the county in which the offender was convicted. The Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph.

42 Pa. C.S. §9728(b)(5).

on September 22, 2015, by Richard Young Jr., *pro se.* In his original jurisdiction action, Young seeks the return of funds deducted from his inmate account by the Department from 2001 through 2014. In response, the Department and the Clerk of Courts have filed preliminary objections asserting that Young's action is time-barred by the statute of limitations and, in the alternative, does not state a claim upon which relief may be granted. We sustain the preliminary objections.

Although styled as a "motion," in actuality Young has filed a petition for review addressed to this Court's original jurisdiction. Young's petition states that he has been in prison since 1996 and is currently housed at SCI-Green, where he is serving a sentence of seven and a half to 15 years for aggravated assault and related offenses, imposed by the Court of Common Pleas of Lancaster County (trial court) under Docket No. CP-36-CR-0000851-1996. Petition, ¶¶1, 3, and Exhibit 1 (Sentencing Order). The petition further states that from 2001 through 2014 the Department deducted 20% of all funds placed into his inmate account for a total of $1,314.99. Petition, ¶¶1, 3. This money was deducted to pay the Clerk of Courts for fines and costs imposed upon Young in four criminal cases that totaled $1,948.90. Petition, ¶3.

Young claims that $622.07 was wrongfully deducted under Docket No. CP-36-CR-0000851-1996 because the trial court did not sign the sentencing order. Petition, ¶¶1, 6. He claims that "even if [the assessment of fines and costs is] in the sentencing notes, and oral pronouncement for costs at sentencing, [the failure] to have reduced the same to a Written Judgment signed by the Sentencing Court, [makes it] Null and Void." Petition, ¶4. Similarly, the Clerk of Courts has wrongfully collected the fines and costs imposed in the other three cases because

2

those sentences were imposed in the 1980s.  Petition, ¶3.  The petition acknowledges that fines and costs were assessed in all three cases, but it claims that the sentences expired decades ago.  Petition, ¶3. Because Young was not in prison from 2001 through 2014 for those three crimes, he claims that it was illegal for the Department to deduct money from his prison account for the fines and costs imposed thereunder.  Petition, ¶3.

The Department and the Clerk of Courts have moved to dismiss Young's petition.  They argue that the statute of limitations in this case expired over a decade ago, depriving this Court of jurisdiction, and that the petition does not state a claim.  Fines and costs do not need to be reduced to writing; they may be imposed orally at sentencing.  In any event, the sentencing order attached to Young's motion contains an "x" next to the word "Costs" as to Count 5. Sentencing Order, Young A-1 at 1.  Therefore, costs were ordered in writing by the trial court.

This Court's scope of review of preliminary objections is narrow and restricted to the pleadings.  *Pennsylvania Builders Association v. Department of Labor and Industry*, 4 A.3d 215, 220 (Pa. Cmwlth. 2010).[2]  When ruling on preliminary objections, we take as true all well-pleaded material allegations in the pleading and any inferences reasonably deduced therefrom.  *Neely v. Department*

---

[2] Pennsylvania Rule of Appellate Procedure 1516(b) states:

> Where an action is … addressed to the appellate court's original jurisdiction, the pleadings are limited to the petition for review, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection, and an answer thereto.

Pa. R.A.P. 1516(b).

3

*of Corrections*, 838 A.2d 16, 19 n.4 (Pa. Cmwlth. 2008). We may not sustain preliminary objections unless it "appear[s] with certainty that the law will not permit recovery and any doubt should be resolved by a refusal to sustain them." *Id*.

We begin with the assertion of the Department and the Clerk of Courts that Young's petition is time-barred. They argue that Young's claim arose when the first deduction was made from his inmate account, which was 2001. He had two years from that date to file an action, which placed the deadline in 2003. However, Young filed this action in 2015, making it untimely. In support of their claim that the statute of limitations is two years, the Department and Clerk of Courts point to this Court's decision in *Morgalo v. Gorniak*, 134 A.3d 1139 (Pa. Cmwlth. 2016).

In *Morgalo*, an inmate initiated an original jurisdiction action in this Court to stop deductions from his inmate account and to return the funds improperly taken by the Department. The petition for review named the Department, an accountant from the Department's inmate accounting office, and the county clerk of courts as defendants. The inmate argued that because his sentencing order directed him to pay fines, costs and restitution *after* he was released from custody, the Department had no authority to deduct the funds during his period of incarceration.

The Department filed preliminary objections asserting that a six-month statute of limitations period applied to the inmate's action, which was based upon this Court's precedent that an action to stop account deductions sounded in

4

mandamus.[3]  However, the Pennsylvania Supreme Court in *Curley v. Wetzel*, 82 A.3d 418 (Pa. 2013), stated in a *per curiam* order that "this Court does not embrace the Commonwealth Court's view that this action sounds in mandamus or that a six-month statute of limitations applies to actions in mandamus in this context."  In a concurring opinion, then Chief Justice Castille opined that the statute of limitations was two years.  Because the Department had been deducting funds from the inmate's account for seven years prior to the commencement of the claim the inmate's action was time-barred.

In *Morgalo*, this Court examined the inmate's petition and concluded that it was not a mandamus action, which is used to compel an agency to act. Rather, the inmate sought to restrain the Department's actions.  "[M]andamus may not be used to reverse actions the Department has already taken; thus, it cannot be the basis upon which this Court may order the Department to stop the deductions and return previously-deducted funds."  *Morgalo*, 134 A.3d at 1145.  Rather, we concluded that the inmate's action sought to hold the Department liable for not delivering to him the funds in his inmate account.

We then addressed the applicable statute of limitations period.  We noted that Section 5522(b)(1) of the Judicial Code mandates that a proceeding must "be commenced within six months" if it involves:

---

[3] The statute of limitations for an action in mandamus is six months:

> (b) Commencement of action required.**--**The following actions and proceedings must be commenced within six months:
>
>> (1) An action against any officer of any government unit for anything done in the execution of his office, except an action subject to another limitation specified in this subchapter.

42 Pa. C.S. §5522(b)(1).

5

(1) An action against any officer of any government unit for anything done in the execution of his office, *except an action subject to another limitation specified in this subchapter*.

42 Pa. C.S. §5522(b)(1) (emphasis added). Section 5524 of the Judicial Code, 42 Pa. C.S. §5524,[4] sets forth a list of actions that must be commenced within two years, including

---

[4] It provides:

The following actions and proceedings must be commenced within two years:

(1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

(4) An action for waste or trespass of real property.

(5) An action upon a statute for a civil penalty or forfeiture.

(6) An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession.

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

(8) An action to recover damages for injury to a person or for the death of a person caused by exposure to asbestos shall be commenced within two years from the date on which the person is informed by a licensed physician that the person has been injured by such exposure or upon the date on which the person knew or in the exercise of reasonable diligence should have known that the person had an injury which was caused by such exposure, whichever date occurs first.

42 Pa. C.S. §5524.

> [a]n action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession.

42 Pa. C.S. §5524(6). We held that because the inmate's claim involved the Department's transfer of his money to the clerk of courts, it was an action governed by Section 5524(6). Accordingly, the action for the return of funds removed from an inmate account was subject to the two-year statute of limitations. Further, the cause of action accrues at the time the first deduction is made. We specifically "declined to treat these types of deductions as continuing violations that would reset the statute of limitations." *Morgalo*, 134 A.3d at 1149 n.14.[5]

We agree with the Department and the Clerk of Courts that based on *Morgalo*, Young's "cause of action accrue[d] when the Department [made] the first deduction." *Morgalo*, 134 A.3d at 1149 n.14. Young had two years from the date of the first deduction to file a claim. Young avers that the Department began making deductions in 2001. Petition, ¶1. Young had until 2003 to file a claim, and the statute of limitations had long expired by the time he filed the instant petition in 2015.

---

[5] In *Morgalo,* the inmate had challenged the deductions through the inmate grievance system prior to filing the petition to this Court. He claimed that he filed a grievance in 2010, but during the grievance process he was removed to the Michigan Department of Corrections, where he remained for several years. Upon return to the Department's custody in 2013, he resumed his grievance. We stated that it was unclear whether his 2013 grievance was a new grievance or an extension of the 2010 grievance. If it was found to be an extension of the 2010 grievance, the petition to this Court would be timely. Because it did not appear with certainty that the petition was untimely the Department's preliminary objections were overruled.

Accordingly, we sustain the preliminary objections of the Department and the Clerk of Courts, and dismiss Young's petition for review.[6]

_____
MARY HANNAH LEAVITT, President Judge

---

[6] While we do not reach the merits of the motion, we note that "Act 84 is procedural in nature, not penal, and therefore may be applied retroactively without being unconstitutional." *Commonwealth v. Lyons*, 830 A.2d 663, 666 (Pa. Cmwlth. 2003). In *Lyons* we also held that Act 84 deductions may be taken for sentences for which an inmate has completed his supervision. *Id.* We based this conclusion on Section 9728(c) of the Judicial Code, establishing:

> Notwithstanding section 6353 (relating to limitation on and change in place of commitment) or 18 Pa. C.S. §1106(c)(2) (relating to restitution for injuries to person or property), the period of time during which such judgments shall have full effect may exceed the maximum term of imprisonment to which the offender could have been sentenced for the crimes of which he was convicted or the maximum term of confinement to which the offender was committed.

42 Pa. C.S. §9728(c).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Young Jr.,      :
     Petitioner   :
            :
    v.       : No. 485 M.D. 2015
            :
Pennsylvania Department of  :
Corrections & Lancaster County :
Clerk of Court Joshua Parsons, :
     Respondents :

# **O R D E R**

AND NOW, this 22nd day of December, 2016, the preliminary objections of the Pennsylvania Department of Corrections and Lancaster County Clerk of Court Joshua Parsons in the above-captioned matter are hereby SUSTAINED and the "Motion for Act 84 Reimbursement" filed by Richard Young, Jr., is DISMISSED.

         _____
         MARY HANNAH LEAVITT, President Judge