J-S62037-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD ANDREW DADDARIO, | : | |
| | : | |
| Appellant | : | No. 383 MDA 2017 |

Appeal from the PCRA Order February 7, 2017
in the Court of Common Pleas of Snyder County
Criminal Division at No(s): CP-55-CR-0000245-2005

BEFORE:    STABILE, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED OCTOBER 23, 2017**

Richard Andrew Daddario (Appellant) appeals from the order entered on February 7, 2017, denying his "Motion to Amend Costs/Fees/Fines and Restitution," which the court treated as a petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On September 1, 2006, a jury convicted Appellant of multiple counts of involuntary deviate sexual intercourse, statutory sexual assault, aggravated indecent assault, corruption of minors, and indecent assault, stemming from then 39-year-old Appellant's abuse of a 15-year-old victim. On December 5, 2006, the trial court sentenced Appellant to an aggregate term of 25 to 90 years of incarceration.  Additionally, Appellant was ordered to pay certain costs, fees, fines, and restitution.  Appellant timely filed a post-sentence motion, which was denied by the trial court.  On June 26,

_____

*Retired Senior Judge assigned to the Superior Court.

2008, a panel of this Court affirmed Appellant's judgment of sentence, and on December 16, 2008, his petition for allowance of appeal was denied by our Supreme Court. *Commonwealth v. Daddario*, 959 A.2d 459 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 962 A.2d 1195 (Pa. 2008).

On June 17, 2009, Appellant *pro se* timely filed a PCRA petition. Counsel was appointed, and several amended petitions were filed by counsel. On July 2, 2010, the Commonwealth and Appellant agreed to a modified sentence, reducing Appellant's aggregate sentence to 16½ to 33 years of incarceration. Once again, that sentence included provisions for fines, costs, fees, and restitution. An itemized accounting of those costs, with a balance totaling $4,436.89, was attached to that order.[1] As part of the agreed-upon sentence, Appellant waived his right to file either a direct appeal or a PCRA petition alleging ineffective assistance of counsel, as well as the right to pursue *habeas corpus* relief in the federal courts. *See* Order, 7/2/2010.

On July 14, 2014, Appellant filed *pro se* a combined PCRA and *habeas corpus* petition. The PCRA court filed a notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Appellant responded, and on August 25, 2014, the PCRA court dismissed Appellant's petition. Appellant filed a

---

[1] The original amount owed was $5,595.21; however, Appellant had already paid $1,158.32 by this time, so Appellant owed only the balance of $4,436.89.

notice of appeal, and on October 17, 2014, this Court issued an order remanding to the PCRA court for the appointment of counsel. Counsel was appointed.

While Appellant's July 2014 petition was pending, in November 2014, Appellant filed *pro se* a motion for relief claiming the fines and court costs associated with his case are illegal. On December 3, 2014, the PCRA court entered an order deferring consideration of the November 2014 motion until the conclusion of his appeal from the denial of relief for his July 2014 PCRA petition. On June 16, 2015, a panel of this Court affirmed the order of the PCRA court dismissing the July 2014 PCRA petition as untimely filed. ***Commonwealth v. Daddario***, 122 A.3d 1134 (Pa. Super. 2015) (unpublished memorandum).

Subsequently, on October 28, 2015, the PCRA court entered a Rule 907 notice of its intent to dismiss the November 2014 motion. Appellant did not respond, and on November 24, 2015, the motion was dismissed. No appeal was filed.

On March 4, 2016, Appellant filed *pro se* another PCRA petition. Once again, the PCRA court issued a Rule 907 notice of its intention to dismiss Appellant's petition. Appellant did not respond, and on May 3, 2016, the petition was dismissed. Appellant filed a notice of appeal. On November 14, 2016, a panel of this Court affirmed the order dismissing Appellant's March

4, 2016 PCRA petition. ***Commonwealth v. Daddario***, 159 A.3d 584 (Pa. Super. 2016) (unpublished memorandum).

Meanwhile, on July 28, 2016, a praecipe to enter judgment was filed against Appellant for the amount of $6,045.02, related to fines, costs, and fees for his sentence.[2]  Consequently, on December 22, 2016, Appellant filed the motion at issue in this case, entitled "Motion to Amend Costs/Fees/Fines and Restitution" (December 2016 motion).  Specifically, Appellant argued that the July 28, 2016 judgment "altered the sentencing scheme and his sentence must be vacated in its entirety." Motion, 12/22/2016, at ¶ 16.  The PCRA court, treating the December 2016 motion as a PCRA petition, issued a Rule 907 notice of its intent to dismiss the motion.  Appellant responded, and on February 7, 2017, the PCRA court dismissed the December 2016 motion.  Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

---

[2] The procedure to collect fines, fees, costs, and restitution is set forth in 42 Pa.C.S. § 9728, and provides the following:

> The county clerk of courts shall, upon sentencing, pretrial disposition or other order, transmit to the prothonotary certified copies of all judgments for restitution, reparation, fees, costs, fines and penalties which, in the aggregate, exceed $1,000, and it shall be the duty of each prothonotary to enter and docket the same of record in his office and to index the same as judgments are indexed, without requiring the payment of costs as a condition precedent to the entry thereof.

42 Pa.C.S. § 9728(b)(1).

Appellant contends that the PCRA court erred in dismissing the December 2016 motion for two reasons: 1) because the December 2016 motion was a timely-filed PCRA petition, *see* Appellant's Brief at 9-11; and 2) because the Prothonotary lacked jurisdiction to enter the judgment in July 2016 pursuant to 42 Pa.C.S. § 5505, *see* Appellant's Brief at 12-13.

We consider Appellant's arguments mindful of the following. In ***Commonwealth v. Lyons***, 830 A.2d 663 (Pa. Cmwlth. 2003),[3] the Commonwealth Court outlined the methods available to an offender seeking "to remove payment of costs, fines, and restitution" associated with a sentence. ***Id***. at 665.

> An offender may request modification of a sentence in one of several ways: 1) a motion for modification of the sentence under Pa. R.Crim. P. 720, which must be made within 10 days of the imposition of sentence; 2) a direct appeal of the sentence under Pa. R.A.P. Rules 901-911, notice of which must be given within 30 days of the imposition of sentence; 3) a petition for postconviction relief under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541 9546, which must be filed within one year of the date the judgment of sentence becomes final; or 4) a petition to amend an order of mandatory restitution made during a sentencing hearing, which may be filed at any time. 18 Pa.C.S. § 1106(c)(2)(iii).

***Lyons***, 830 A.2d at 665.[4]

---

[3] "Although the decisions of the Commonwealth Court are not binding on this Court, we may look to them for their persuasive value." ***Commonwealth v. Heredia***, 97 A.3d 392, 395 n.5 (Pa. Super. 2014).

[4] Although Appellant's December 2016 motion refers to restitution, his judgment of sentence does not include any amount for restitution; therefore, section 1106 is not applicable in this case.

Based on the foregoing, to the extent that Appellant is claiming that the July 2016 civil judgment seeking payment of costs, fees, and fines associated with his July 2, 2010 sentence renders his sentence illegal, such a claim is cognizable exclusively under the PCRA. *See*, *e.g.*, *Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011) ("[T]he plain language of the PCRA… states that '[the PCRA] provides for an action by which … persons serving illegal sentences may obtain collateral relief.' … Therefore, Jackson's 'motion to correct illegal sentence' is a PCRA petition and cannot be considered under any other common law remedy.").

Accordingly, the PCRA court only had jurisdiction to entertain the December 2016 motion if Appellant has pled and proven one of the timeliness exceptions set forth in 42 Pa.C.S. § 9545(b)(1). *See Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) ("The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely."); *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013) ("[A]lthough illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition.").

Appellant was sentenced for a second time on July 2, 2010, and no direct appeal was filed. Thus, there is no dispute that Appellant's judgment of sentence became final 30 days later, and, therefore, Appellant had until August 2011 to file timely a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(3).

Accordingly, the December 2016 motion was filed five years late, and the PCRA court lacked jurisdiction to entertain it unless Appellant has pled and proven a timeliness exception. Moreover, the PCRA requires that "[a]ny petition invoking an exception … shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant argues that the July 2016 judgment entered by the Prothonotary satisfies the newly-discovered fact exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii), which provides an exception where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." **See** Appellant's Brief at 9. Appellant contends that he filed the December 2016 motion within 60 days of the resolution of his prior PCRA petition thereby satisfying the section 9545(b)(2) requirement. **See id**.

Despite the fact that the judgment was entered by the Prothonotary in July 2016, Appellant's July 2, 2010 sentence included a provision for the payment of fines, costs, and fees. Moreover, the record shows that Appellant has been paying down his balance on this amount while incarcerated. Thus, it is disingenuous for Appellant to claim that he did not know he owed these amounts prior to July 2016. Accordingly, we conclude that Appellant has not established an exception to the timeliness requirements, and the PCRA court lacked jurisdiction to entertain Appellant's

PCRA petition.[5]  Accordingly, Appellant has not set forth a claim that can be addressed pursuant to the PCRA.

Appellant next claims that the July 2016 judgment violates 42 Pa.C.S. § 5505, which provides that "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." Appellant's Brief at 12.  Appellant is claiming that the July 2016 judgment is an unlawful modification of his judgment of sentence occurring more than 30 days after its entry.  However, the court has not modified Appellant's sentence in any way; rather, the Prothonotary, pursuant to 42 Pa.C.S. § 9728, has entered a judgment to collect the fines and costs associated with Appellant's sentence.  Thus, section 5505 does not apply, and Appellant's second argument fails.

Finally, Appellant claims that the trial court should have treated the December 2016 motion as a writ of *mandamus* "seeking to challenge the actions of the county clerk imposing additional court costs," **see** Appellant's Brief at 10, based upon the Commonwealth Court's decision in **Commonwealth v. Williams**, 909 A.2d 419 (Pa. Cmwlth. 2006).  However,

---

[5] We recognize that the PCRA court concluded that Appellant's PCRA petition was filed timely; however, "[i]t is well-settled that this Court may affirm a trial court's ruling on any basis." **Commonwealth v. Kennedy**, 151 A.3d 1117, 1127 n.14 (Pa. Super. 2016).

Appellant did not raise this issue in the December 2016 motion or in his objection to notice of intent to dismiss filed on February 7, 2017. Accordingly, Appellant has waived this issue. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

For the foregoing reasons, Appellant is not entitled to relief from this Court, and we affirm the PCRA court's order denying Appellant relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2017