Commonwealth of Pennsylvania　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　v.　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
Christopher Michael Stone,　　　　　:　　No. 1324 C.D. 2018
　　　　　　　　　　Appellant　　　:　　Submitted: December 28, 2018


BEFORE:　　HONORABLE MARY HANNAH LEAVITT, President Judge
　　　　　　　HONORABLE ANNE E. COVEY, Judge
　　　　　　　HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY　　　　　　　　　　　　　FILED:　February 8, 2019


　　　　Christopher Michael Stone (Stone)[1] appeals pro se from the Westmoreland County (County) Common Pleas Court's (trial court) June 22, 2018 order dismissing his Petition to Vacate/Reconsider Fines, Costs & Restitution Nunc Pro Tunc (Petition).　The issue before the Court is whether the trial court properly dismissed Stone's Petition.　After review, we affirm.

　　　　On July 29, 2010, Stone entered a guilty plea to numerous counts of robbery and theft charges and received a 3 to 7-year sentence plus costs, and a 4 to 10-year sentence plus costs and restitution, to run concurrently.　On June 4, 2018, Stone filed the Petition.　On June 22, 2018, the trial court dismissed the Petition noting that it did not have jurisdiction to affect the removal of funds from Stone's prison account.

　　　　Thereafter, Stone filed an appeal with the Pennsylvania Superior Court (Superior Court).　On July 27, 2018, because the matter involved the withdrawal of funds from Stone's inmate account, the Superior Court issued a Rule to Show Cause

---

[1] Stone is currently an inmate at the State Correctional Institution at Fayette.

why this matter should not be transferred to this Court. Stone did not file a response thereto. Thus, by September 27, 2018 order, the Superior Court transferred the matter to this Court.[2]

**Trial Court's Jurisdiction**

Initially, Section 9728(b)(5) of the Sentencing Code, commonly known as Act 84, provides in pertinent part: "The . . . Department of Corrections [(Department)] shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation or costs . . . ." 42 Pa.C.S. § 9728(b)(5). In the Petition, Stone specifically concluded: "[Stone] respectfully requests that this Honorable Court enter an Order that would STOP the 30% deduction and the [trial court] to reimburse Stone in the amount of $158.10 for the deductions that were illegally taken by the [Department] according to Pennsylvania Laws and Statutes." Petition at 4. Consequently, in effect, Stone filed an Act 84 motion to enjoin the Department from deducting 30% of his earnings from his inmate account, which constitutes a civil action against the Department over which this Court would have original jurisdiction pursuant to Section 741(a) of the Judicial Code, 42 Pa.C.S. § 741(a).[3]

> [I]f an inmate seeks to end Act 84 deductions by removing financial obligations from his original sentence, the request to modify sentence should be heard by the [trial] court . . . . *See Commonwealth v. Lyons*, 830 A.2d 663 (Pa. Cmwlth. 2003). . . . [W]here the method by which an inmate seeks to end Act 84 deductions involves the validity or modification of the underlying sentence, original jurisdiction lies with the [trial] court.

---

[2] "Our review of the trial court's order is limited to determining whether [] constitutional rights have been violated and whether the trial court committed an error of law or abused its discretion." *Commonwealth v. Lyons*, 830 A.2d 663, 664 n.5 (Pa. Cmwlth. 2003).

[3] Notably, on June 27, 2016, Stone filed an Act 84 motion which the trial court dismissed for lack of jurisdiction on July 14, 2016.

*Commonwealth v. Parella*, 834 A.2d 1253, 1256 (Pa. Cmwlth. 2003).

Here, Stone's Petition and brief, although inartfully drafted, reveal that he is, in fact, contesting the legality of the imposition of costs and restitution as part of his sentence. *See* Petition ¶9 ("[T]he [trial court] had and still has no legal basis for [] requesting the [] deductions from [Stone's] Inmate Account."); Stone Br. at 5 ("[T]hese costs and fines . . . were illegally imposed by the [trial court] . . . ."). Further, in both the Petition and his brief, Stone asserts that he was not given a hearing regarding his ability to pay at the time of sentencing.

> Notwithstanding, the trial court's order stated, in relevant part:
>
> This Court notes that it does not have the jurisdiction to affect the removal of funds from [Stone's] prison account. [Section 9728 of the Sentencing Code,] 42 Pa.C.S. § 9728[,] authorizes the [Department] to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation or costs imposed.
>
> [Section 1106 of the Crimes Code,] 18 Pa.C.S. § 1106[,] also states that courts shall order full restitution regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss.

Trial Ct. Order at 1. Accordingly, the trial court properly addressed Stone's issues.

**Stone's Appeal**

Stone argues that the trial court illegally imposed fines, costs and restitution because he was homeless and jobless at the time of sentencing.[4] First, the trial court did not impose any fines on Stone, only restitution and costs. Second, pursuant to Section 1106(c) of the Sentencing Code: "The [trial] court shall order full

---

[4] By November 27, 2018 letter, the County District Attorney's Office informed this Court that it would not be filing a brief in this matter.

restitution . . . [r]**egardless of the current financial resources of the defendant**[.]"

18 Pa.C.S. § 1106(c) (emphasis added). Finally, relative to costs:

> Generally, a defendant is not entitled to a pre-sentencing hearing on his or her ability to pay costs. *Commonwealth v. Hernandez*, 917 A.2d 332, 336-37 (Pa. Super. 2007). While [Pennsylvania Rule of Criminal Procedure (Rule)] 706 '**permits** a defendant to demonstrate financial inability either after a default hearing or when costs are initially ordered to be paid in installments,' the Rule only **requires** such a hearing prior to any order directing incarceration for failure to pay the ordered costs. *Id.* at 337 (emphasis added). In *Hernandez*, [the Superior Court] [was] required to determine whether Rule 706 was constitutional in light of *Fuller v. Oregon*, 417 U.S. 40 . . . (1974). [The Superior Court] concluded that a hearing on ability to pay is not required at the time that costs are imposed:
>
>> The Supreme Court . . . did not state that *Fuller* requires a trial court to assess the defendant's financial ability to make payment at the time of sentencing. In interpreting *Fuller,* numerous federal and state jurisdictions have held that it is not constitutionally necessary to have a determination of the defendant's ability to pay prior to or at the judgment of sentence. . . . [The Superior Court] conclude[s] that *Fuller* compels a trial court only to make a determination of an indigent defendant's ability to render payment before he/she is committed.
>
> *Hernandez*, 917 A.2d at 337.

*Commonwealth v. Childs*, 63 A.3d 323, 326 (Pa. Super. 2013). Accordingly, the trial court properly ordered Stone to pay costs and restitution.

> Moreover,
>
> [a]n offender may request modification of a sentence in one of several ways: 1) a motion for modification of the sentence under [Rule] 720 which must be made within 10 days of the imposition of sentence; 2) a direct appeal of the sentence under . . . Rules 901-911, notice of which must be given within 30 days of the imposition of sentence; 3) a

4

> petition for post[-]conviction relief under the Post Conviction Relief Act [(PCRA)], 42 Pa.C.S. §§ 9541[,] 9546, which must be filed within one year of the date the judgment of sentence becomes final; or 4) a petition to amend an order of mandatory restitution made during a sentencing hearing, which may be filed at any time. 18 Pa.C.S. § 1106(c)(2)(iii)[.]

*Lyons*, 830 A.2d at 665. Stone filed his Petition on June 4, 2018, almost 8 years after he was sentenced, which is well past the permissible period for seeking cost modification. Stone "does not plead any special circumstances to support a modification of those portions of his sentences at such a late date. Therefore, no error is evident in the trial court's refusal to modify costs . . . ." *Id.*

To the extent that Stone is claiming that the imposition of costs and restitution renders his sentence illegal, such a claim is cognizable exclusively under the PCRA.[5] Again, 8 years is well beyond the allotted time for filing the same.[6]

> As to restitution, its imposition initially lies within the discretion of the sentencing court. . . . [Stone] fails to offer any reasons . . . to support a claim of abuse of discretion in setting or continuing the restitution sentence. In the absence of any relevant argument on the issue, we decline to find an abuse of discretion in the trial court's refusal to modify the restitution portion[] of the sentence[].

*Id.* at 665-66.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[5] *See* Section 9542 of the PCRA ("[The PCRA] provides for an action by which . . . persons serving illegal sentences may obtain collateral relief."). 42 Pa.C.S. § 9542.

[6] Stone filed a PCRA petition on December 3, 2014, in which he did not contest the imposition of costs and restitution, and which the trial court dismissed on May 28, 2015.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania      :
     :
v.      :
     :
Christopher Michael Stone,      :     No. 1324 C.D. 2018
              Appellant      :

## O R D E R

AND NOW, this 8th day of February, 2019, the Westmoreland County Common Pleas Court's June 22, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge