J-S83043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AKIM PIERRE | : | |
| | : | |
| Appellant | : | No. 2238 EDA 2017 |

Appeal from the Order June 12, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003339-2010

BEFORE: GANTMAN, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY GANTMAN, P.J.:            **FILED FEBRUARY 14, 2018**

Appellant, Akim Pierre, appeals from the order, entered in the Court of

Common Pleas of Bucks County, which dismissed his *pro se* petition for writ

of *habeas corpus* and Act 84 motion.[1]  We affirm.

The trial court opinion fully and correctly set forth the relevant facts

and procedural history of this case.  Therefore, we have no reason to restate

them.  We add only that we deem Appellant's notice of appeal timely filed

under the prisoner mailbox rule.  ***See Commonwealth v. Chambers***, 35

_____

[1] The sentencing statute referring to the collection of fines, fees and costs, at 42 Pa.C.S.A. § 9728, is commonly known as Act 84.  Subsection (b)(5) authorizes the Department of Corrections ("DOC") to make monetary deductions from inmate personal accounts for the purpose of collecting restitution, reparation, fees, costs, fines, penalties, or any other court-ordered obligation.

A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining prisoner mailbox rule provides that *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing).

Appellant raises the following issues for our review:

> WHETHER [THE] TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING APPELLANT'S *HABEAS* PETITION WITHOUT A HEARING WHERE IT IS ALLEGED THERE IS AMBIGUITY IN THE COURT'S FORM DC-300B REGARDING THE COMPUTATION [OF APPELLANT'S SENTENCE]?
>
> WHETHER [THE] TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING APPELLANT'S MOTION FOR EXTENSION OF TIME TO PAY FINES AND COSTS PURSUANT TO ACT 84 ABSENT [A] COURT ORDER WITHOUT A HEARING ON HIS ABILITY TO PAY?

(Appellant's Brief at 3).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jeffrey L. Finley, P.J., we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, dated August 25, 2017, at 1-7) (finding: **(1)** although Appellant contended in his *habeas corpus* that his sentence is illegal, Appellant did not challenge actual sentence imposed or argue his sentence is inherently ambiguous; instead, Appellant contends DC-300B form contains ambiguity in form of clerical error; petition for writ of *habeas corpus* is not proper vehicle for Appellant's claim; Appellant does not challenge court's sentencing order, he challenges DC-300B form; DC-300B form is not court order imposing sentence; Appellant's challenge is to actions

of government officials subsequent to sentencing; therefore, Commonwealth Court, not Court of Common Pleas, has original jurisdiction to review Appellant's DC-300B form claim;[2] **(2)** Appellant is state inmate confined in state correctional institution; under Act 84, DOC makes deductions from Appellant's prison account; Commonwealth Court has original jurisdiction to review Appellant's Act 84 motion;[3] court lacks subject matter jurisdiction to adjudicate Appellant's complaints, which he must file in Commonwealth Court).  Accordingly, we affirm based on the court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/14/18

---

[2] **See McCray v. Pennsylvania Dept. of Corrections**, 582 Pa. 440, 450, 872 A.2d 1127, 1133 (2005) (stating DOC is charged with implementing sentences); **Commonwealth v. Hollawell**, 604 A.2d 723, 725 (Pa.Super. 1992) (stating: "[I]f an alleged sentencing error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, the appropriate recourse would be an original action in the Commonwealth Court challenging the Bureau's computation").

[3] **See Commonwealth v. Jackson**, 858 A.2d 627 (Pa.Super. 2004) (*en banc*); **Commonwealth v. Danysh**, 833 A.2d 151 (Pa.Super. 2003) (holding Commonwealth Court has original subject matter jurisdiction over petitions challenging Act 84 deductions from inmates' accounts).

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA :     OPTIONAL
                                   :

           v.                    :     No. **CP-09-CR-0003339-2010**
                                     :

AKIM PIERRE                  :

                                     :

## OPINION

Akim Pierre ("Appellant") appeals from this Court's denial of Appellant's "Petition for

Habeas Corpus Relief Pursuant to Article I, § 14 of the Pennsylvania Constitution" and

Appellant's "Motion for Extension of Time to Pay Cost and Restitution Pursuant to Act 84[1]".

Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), we file this Opinion in support of

the Court's ruling.

### I.     FACTUAL AND PROCEDURAL HISTORY

On November 16, 2010, following a bench trial, Appellant was found guilty of Robbery,[2]

Robbery of a Motor Vehicle,[3] Attempted Kidnapping,[4] Burglary,[5] Theft by Unlawful Taking,[6]

Simple Assault,[7] and Criminal Conspiracy to Commit Robbery.[8] Sentencing was deferred

---

[1] 42 Pa.C.S. § 9728.

[2] 18 Pa. C.S.A. § 3701(a)(1)(ii).

[3] 18 Pa. C.S.A. § 3702(a).

[4] 18 Pa. C.S.A. § 901(a).

[5] 18 Pa. C.S.A. § 3502(a).

[6] 18 Pa. C.S.A. § 3921(a).

[7] 18 Pa. C.S.A. § 2701(a)(1).

[8] 18 Pa. C.S.A. § 903(a)(1).

1



pending completion of a pre-sentence investigation. On February 10, 2011, Appellant was sentenced to an aggregate term of not less than thirteen (13) nor more than twenty-eight years (28) incarceration. The Court sentenced Appellant to consecutive sentences of: four to ten years on Count 1; three to six years on Count 3; three to six years on Count 10; and three to six years on Count 11. Appellant did not file post-sentence motions or a direct appeal.

On May 5, 2011, Appellant filed his first timely Post Conviction Relief Act ("PCRA") Petition. Following a hearing held on October 3, 2011, the Court granted the Petition and reinstated Appellant's right to file both a post-sentence motion and a direct appeal *nunc pro tunc*. On October 13, 2011, Appellant filed a Motion for Reconsideration of Sentence. Following a hearing held on December 15, 2011, the Court denied Appellant's Motion. On January 17, 2012, Appellant filed a direct appeal to the Superior Court. On September 10, 2012, the Superior Court affirmed Appellant's sentence.

On August 26, 2013, Appellant filed a *new* PCRA Petition. Counsel was appointed and amended PCRA petitions were filed on December 10, 2013 and August 28, 2014. A hearing was held on August 29, 2014. On September 25, 2014, the Court denied the Petition. On October 24, 2014, Appellant filed a Notice of Appeal to the Superior Court. On September 29, 2015, the Superior Court affirmed the Court's denial of Appellant's       PCRA Petition. Appellant filed a Petition for Allowance of Appeal to the Supreme Court, which was denied on April 20, 2016.

On January 30, 2017, Appellant filed a "Petition for Habeas Corpus Relief Pursuant to Article I, § 14 of the Pennsylvania Constitution" (hereinafter "Habeas Petition"). On May 15, 2017, the Court entered an order directing the Commonwealth file a response to Appellant's

2

Habeas Petition within twenty days. On May 31, 2017, the Commonwealth filed its response. On June 12, 2017, the Court denied and dismissed Appellant's Habeas Petition.

On June 5, 2017, Appellant filed a "Motion for Extension of Time to Pay Cost and Restitution Pursuant to Act 84" (hereinafter "Act 84 Motion"). On June 16, 2017, the Court denied Appellant's Act 84 Motion for lack of subject matter jurisdiction.

On July 13, 2017, Appellant filed two notices of appeal, one for the June 12, 2017 Order denying Appellant's Habeas Petition and one for the June 16, 2017 Order denying Appellant's Act 84 Motion. On July 20, 2017, this Court issued an order directing Appellant file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

## II.    STATEMENT OF ERRORS COMPLAINED OF ON APPEAL

On August 4, 2017, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b), Appellant filed his Statement of Errors Complained of on Appeal, set forth *verbatim*[9] herein:

1. Whether [the] trial court abused its discretion in dismissing Appellant's habeas petition without a hearing where it is alleged there is ambiguity in the Court's Form DC-300B regarding computation.

2. Whether [the] trial court abused its discretion in dismissing Appellant's Motion for Extension of Time to Pay Fines and Cost[s] pursuant to Act 84 absent [a] court order without a hearing on his ability to pay.

## III.    DISCUSSION

---

[9] Appellant filed two separate Statement of Errors Complained of on Appeal. One pertains to the Court's June 12, 2017 Order and the other pertains to the Court's June 16, 2017 Order. Each of these filings contain only one (1) alleged error. Accordingly, for ease of discussion, the Court has consolidated and renumbered Appellant's alleged errors as if they had been set forth in one filing.

This Court denied and dismissed Appellant's Habeas Petition and Appellant's Act 84 Motion because the Court determined that Appellant improperly submitted the filings to the Court of Common Pleas and should have filed both with the Commonwealth Court of Pennsylvania. Accordingly, the Court included in both orders that it lacked jurisdiction over the filings. Nonetheless, Appellant argues on appeal that the Court abused its discretion in dismissing the Habeas Petition and Act 84 Motion.

First, the Court will discuss its reasoning for denying and dismissing Appellant's Habeas Petition. In the Habeas Petition, Appellant asserted that the sentence he is serving is illegal based on an alleged ambiguity in the DC-300B[10] commitment form prepared by the clerk of courts. Specifically, Appellant asserts that the DC-300B does not reflect whether Counts 1 and 3 shall run concurrent or consecutive to any sentence imposed. Thus, Appellant contends that there is a "patent inconsistency" between the sentencing order and the DC-300B.

Because Appellant contended that he is serving an "illegal" sentence, the Court first considered whether Appellant's Habeas Petition may properly be treated as a PCRA petition. The PCRA is the exclusive means for obtaining collateral relief. 42 Pa.C.S.A. § 9545 (b)(2). "Pennsylvania courts have repeatedly held that the PCRA contemplates only challenges to the propriety of a conviction or a sentence." Commonwealth v. Masker, 34 A.3d 841, 843 (Pa. Super. Ct. 2011). As such, issues related to legality of sentence are cognizable under the PCRA. See Commonwealth v. Hockenberry, 689 A.2d 283 (Pa. Super. Ct. 1997).

---

[10] The DC-300B is a commitment document generated by the Common Pleas Criminal Court Case Management System. See 37 Pa.Code § 96.4; 42 Pa.C.S.A. § 9764. Section 9764 of the Judicial Code governs the procedure for transferring an inmate into the custody of the Department of Corrections ("DOC"). Upon commitment of an inmate, the transporting official must provide the DOC with a copy of the trial court's sentencing order and a copy of the DC-300B commitment form. See 42 Pa.C.S.A. § 9764(a)(8).

4

The Pennsylvania Superior Court has clarified the various claims of administrative error an inmate may raise and the procedures for raising such claims:

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.

> It [is] only when the petitioner challenges the legality of a trial court's . . . sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

Commonwealth v. Heredia, 97 A.3d 392, 395 (Pa. Super. Ct. 2014) (quoting

Commonwealth v. Perry, 563 A.2d 511 (Pa. Super. Ct. 1989)).

Although Appellant contended that he is serving an "illegal" sentence, he was not challenging his sentence imposed by this Court nor was he arguing ambiguity in the sentence imposed. Rather, Appellant contended that the DC-300B contained an ambiguity in the form of an alleged clerical error. Such a claim is not cognizable under the PCRA. Accordingly, this Court found that Appellant's Habeas Petition was not cognizable under the PCRA.

Further, a petition for writ of *habeas corpus* is not the proper vehicle to raise Appellant's claim. Appellant's claim is not a challenge to the Court's sentencing order, but rather a challenge to the DC-300B. The DC-300B is not a court order imposing sentence. Thus, where a defendant challenges an alleged clerical error contained in the DC-300B, the defendant is challenging actions taken by government officials subsequent to sentencing, and therefore, the petition must be filed in the Commonwealth Court. See Spotz v. Commonwealth, 972 A.2d 125, 134 (Pa. Commw. 2009). Accordingly, Appellant must file his Habeas Petition in the Commonwealth Court.

5

Next, the Court will discuss its reasoning for denying and dismissing Appellant's Act 84 Motion for lack of subject matter jurisdiction. Article 5, Section 5(b) of the Pennsylvania Constitution vests the courts of common pleas with plenary original jurisdiction. See Pa. Const. Art. 5, § 5. This broadly grants courts of common pleas with unlimited original jurisdiction except where jurisdiction is vested in another Pennsylvania court. See 42 Pa.C.S.A. § 931. The Commonwealth Court possesses original jurisdiction under various circumstances, including petitions for review of governmental action. See 42 Pa.C.S.A. § 761(a). Thus, whether the courts of common pleas enjoy jurisdiction over an inmate's petition involving Act 84 deductions depends on the location of the inmate's confinement and the relief requested by the inmate. See Commonwealth v. Parella, 834 A.2d 1253, 1256 (Pa. Commw. 2003).

Act 84 of 1998 added Section 9728(b)(5) to the Sentencing Code,[11] which provides:

> The county correctional facility to which the offender has been sentenced or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation or costs imposed under section 9721(c.1). Any amount deducted shall be transmitted by the Department of Corrections or the county correctional facility to the probation department of the county or other agent designated by the county commissioners of the county with the approval of the president judge of the county in which the offender was convicted. The Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph.

42 Pa.C.S. § 9728(b)(5). Pursuant to this Section, deductions from the prison account of an inmate confined in a state correctional institution are made by the DOC and not the county in which the inmate was sentenced. Accordingly, the Commonwealth Court will generally have jurisdiction over a state inmate's petition regarding Act 84 deductions. However, the location of confinement does not end the inquiry. Where the petition filed by a state inmate challenges the

---

[11] 42 Pa.C.S. § 9728.

6

validity or modification of the underlying sentence, original jurisdiction lies with the courts of common pleas. See Parella, 834 A.2d at 1256.

Here, Appellant is a state inmate confined to the State Correctional Institution at Mahanoy. Appellant's Act 84 Motion requested cessation of deductions until he is released from confinement. Accordingly, as a state inmate, and because Appellant did not challenge the validity of the underlying sentence, his Act 84 Motion falls within the original jurisdiction of the Commonwealth Court. Therefore, this Court lacked subject matter jurisdiction over Appellant's Act 84 Motion.

## IV.   CONCLUSION

For the foregoing reasons, this Court perceives that the issues of which Appellant has complained in this appeal is without merit.

BY THE COURT:

DATE: August 25, 2017

JEFFREY L. FINLEY, P.J.

7

## COMMONWEALTH OF PENNSYLVANIA VS. AKIM PIERRE
### No. CP-09-CR-0003339-2010

**Copies Sent To:**

Karen Diaz, Esquire
District Attorney's Office
100 North Main Street
Doylestown, PA 18901
*Attorney for Commonwealth*

Akim Pierre JX 0774
SCI-Mahanoy
301 Morea Road
Frackville, PA 17932
*Pro se Defendant*