**COMMONWEALTH of Pennsylvania**

v.

**Victor PARELLA, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 5, 2003.

Decided Oct. 31, 2003.

Victor M. Parrella, Jr., appellant, pro se.

Jerry L. Spangler, Somerset, for appellee.

BEFORE: PELLEGRINI, Judge, SIMPSON, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge SIMPSON.

Victor Parella, representing himself, appeals from an order of the Court of Common Pleas of Somerset County (trial court) that denied his Motion to Stop Act 84[1] Deductions (motion). Because the trial court lacked subject matter jurisdiction, we vacate its order.[2]

Parella is presently serving 10 to 20 years' incarceration in a state correctional institution for murder in the third degree, to which he was sentenced in 1994. In addition to state confinement, Parella was sentenced to pay restitution of $18,963.53 and costs.

In November 2001, subsequent to the enactment of Act 84, Parella received a letter from the Department of Corrections (DOC) indicating it would begin deducting 20% from his inmate account each month to satisfy the costs and restitution owed.

[1]. The legislation commonly known as Act 84, passed by the General Assembly in June 1998, amended Section 9728 of the Sentencing Code, 42 Pa.C.S. § 9728, and provided a new subsection (b)(5), which authorized the Department of Corrections (DOC) to collect fines, costs, and restitution from inmate prison accounts and to forward the same to the designated representative of the sentencing county.

[2]. This case does not fall within any class of case for which the Commonwealth Court was granted jurisdiction, 42 Pa.C.S. § 762, but no objection to our jurisdiction is raised. The failure to object perfects appellate jurisdiction in this Court. 42 Pa.C.S. § 704.

Parella thereafter filed the motion at the docket number and caption of his original criminal case. He alleged the deductions were illegal where no hearing was held on his ability to pay, and he sought an order stopping the deductions. The trial court denied the motion, noting the DOC directed the deductions, not the clerk of courts, and no prior court authorization is required for such deductions. This appeal followed.[3]

On appeal, Parella seeks termination of the 20% deductions and reimbursement of all funds taken from his inmate account to date, claiming a hearing must be held on his ability to pay before Act 84 deductions may be taken. He also asserts the deductions are improper because the clerk of courts of Somerset County requested them.

The Commonwealth counters there is no evidence the clerk of courts requested the deductions, and this Court's prior decisions require we affirm the trial court.

■ Although neither party raised the issue of the trial court's subject matter jurisdiction, we are permitted to raise lack of subject matter jurisdiction on our own motion at any time. *Commonwealth v. Little*, 455 Pa. 163, 167, 314 A.2d 270, 272 (1974).

■ The Superior Court recently decided a similar case, *Commonwealth v. Danysh*, 833 A.2d 151 (Pa.Super.2003). In *Danysh*, a state inmate filed a motion with the court of common pleas apparently under the caption of his original criminal case to stop Act 84 deductions from his inmate account. The trial court denied the motion on its merits. On appeal, the Superior Court held the trial court lacked subject matter jurisdiction because Danysh's action was, in reality, a civil action against an agency of the Commonwealth, the DOC. A panel of the Superior Court, speaking through Judge Klein, noted:

> The obvious point was to make DOC stop taking money out of his inmate account. That goal would have traditionally been achieved by a petition for an injunction, a petition for a writ of mandamus, or a petition for a writ of certiorari. Those forms of relief are properly sought in modern Pennsylvania practice via a petition for review of governmental action.

The Superior Court properly concluded this Court enjoyed exclusive original jurisdiction for such a claim, pursuant to 42 Pa.C.S. § 761(a).[4] The Superior Court noted that, if a prisoner in a *county* prison were to bring this type of claim, the common pleas court would have original jurisdiction.[5]

3. Our review of the trial court's order is limited to determining whether Lyons' constitutional rights have been violated and whether the trial court committed an error of law or abused its discretion. *Commonwealth v. Lyons*, 830 A.2d 663 (Pa.Cmwlth.2003)

4. "(a) General rule. The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity...." 42 Pa.C.S. § 761(a).

5. The Superior Court also addressed procedures for a challenge to Act 84 deductions:

> We are informed that when filing an Act 84 petition in Commonwealth Court, the inmate should name either the Commonwealth or the Secretary of the Department of Corrections as respondent. Otherwise, the Commonwealth Court may dismiss the petition for naming the improper party. If a petition that belongs in Commonwealth Court is improperly filed in common pleas court, so long as the inmate has named the proper respondent, the lower court should transfer the matter to Commonwealth Court. *See* 42 Pa.C.S.A. 5103(a). If the inmate has named the wrong respondent, the common pleas court should not immediately transfer or dismiss the matter.

 In an effort to augment the Superior Court's jurisdictional analysis, we note that it is not only the location of the confinement that is significant. The relief requested by the inmate is also important. Thus, if an inmate challenges Act 84 deductions by questioning whether he was afforded an ability to pay inquiry at the time of his original sentence, such a challenge implicates the validity of the original sentence and should be heard by the common pleas court regardless of the place of confinement. *See Ingram v. Newman*, 830 A.2d 1099 (Pa.Cmwlth.2003). Also, if an inmate seeks to end Act 84 deductions by removing financial obligations from his original sentence, the request to modify sentence should be heard by the common pleas court regardless of the place of confinement. *See Commonwealth v. Lyons*, 830 A.2d 663 (Pa.Cmwlth.2003). In summary, where the method by which an inmate seeks to end Act 84 deductions involves the validity or modification of the underlying sentence, original jurisdiction lies with the common pleas court.

 Here it is clear that Parella, a state inmate, does not challenge his underlying criminal sentence; rather, he seeks to stop Act 84 deductions for lack of a post-sentencing ability to pay hearing.[6] Parella filed his motion at the docket number and caption of his original criminal case, and he did not name the Commonwealth, DOC, or any agent or officer of DOC as respondents.

Because we confirm the reasoning of *Danysh*, and because Parella's obvious intent is to stop the DOC from taking Act 84 deductions, we hold the trial court did not have subject matter jurisdiction over Parella's motion. Accordingly, the order of the trial court is vacated.

### ORDER

AND NOW, this 31st day of October, 2003, the order of the Court of Common Pleas of Somerset County is vacated.

Jurisdiction is relinquished.

---

Rather, in the interest of judicial economy and substantial justice, the court should direct the inmate to correct the caption and then transfer the matter to the correct court.

*Danysh*, 833 A.2d at 154, n. 4. We agree with that procedure, with the caveat that a prisoner should not name only the Commonwealth as respondent. Rather, the prisoner should name an agency of the Commonwealth or an officer thereof. *See, e.g., Tork–Hiis v. Commonwealth*, 714 A.2d 518 (Pa.Cmwlth.1998); *Bainbridge v. Dep't of Transp.*, 125 Pa. Cmwlth. 406, 557 A.2d 456 (1989); *Hall v. Acme Markets, Inc.*, 110 Pa.Cmwlth. 199, 532 A.2d 894 (1987).

**6.** A post-sentencing ability to pay hearing is not warranted unless an inmate avers and proves a change of circumstances since sentencing, such as the threat of additional confinement or increased supervision arising solely from the failure to pay sentenced financial obligations, and inability to pay arising from a material change of financial circumstances. *Ingram; George v. Dept. of Corrections*, 824 A.2d 393 (Pa.Cmwlth.2003), *aff'd per curiam*, —— Pa. ——, 831 A.2d 597 (Appeal No. 94 MAP 2003) (2003). A general allegation of inability to pay is insufficient. *Buck v. Beard*, 834 A.2d 696, 2003 WL 22416498 (Pa.Cmwlth.2003) (972 M.D. 2002, filed Oct. 24, 2003); *see Ingram*, 830 A.2d at 1103–4.