J-S27042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLIFFORD E. YOUNT | |
| Appellant | No. 1810 WDA 2013 |

Appeal from the Order entered  October 1, 2013
In the Court of Common Pleas of Clarion County
Criminal Division at Nos: CP-16-CR-0000377-2008; CP-16-CR-0000378-2008; CP-16-CR-0000379-2008; CP-16-CR-0000382-2008

BEFORE:  GANTMAN, P.J., ALLEN, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                          **FILED AUGUST 07, 2014**

Appellant Clifford E. Yount appeals *pro se* the trial court's October 1, 2013 order denying his motion to compel the county "Prothonotary and[/]or the Clerk of Court[s], to follow the sentencing order as imposed by the [trial c]ourt." Appellant's Brief at 5.[1]  Upon review, we vacate the order.

The factual and procedural history of the case is not at issue here.[2] The only issue raised concerns the cost provisions of the sentencing order. The order, in relevant part, provides:

―――――――――――――――――――――――――

[1] Elsewhere in the brief, Appellant seems to appeal from the judgment of sentence, not the order at issue here.  *Id*. at 4.  A review of Appellant's argument, however, confirms he is challenging the October 1, 2013 order denying his motion to compel.

[2] Briefly, Appellant was charged with several crimes in connection with four separate instances of delivery or possession with intent to deliver controlled

*(Footnote Continued Next Page)*

[S]pecial conditions:

    A.   . . . .

    B.   The defendant shall pay $100 to the clerk of courts pursuant to Act 198.

    C.   The defendant shall submit a DNA sample and pay the costs.

Sentencing Order, 3/11/09, at 2.

Following imposition of criminal sentence, the county prothonotary notified Appellant that a civil judgment was entered against him in the Court of Common Pleas of Clarion County Prothonotary in connection with each criminal conviction. For each civil judgment, both the trial court docket and a hand-filled form provide an item-by-item explanation of how the total amount was determined. For example, at docket number CR-377-2008, the $973.70 judgment includes restitution in the amount of $255.00, and costs in the amount of $718.70; regarding docket number CR-378-2008, the $766.00 judgment includes $345.00 in restitution and $421.00 in costs/fees;

_(Footnote Continued)_ ────────────

substances. The Commonwealth moved to consolidate the cases based on the similarities of the cases. The trial court granted the Commonwealth's motion for joinder. Following a jury trial, Appellant was convicted on all charges pertaining to delivery or possession with intent to deliver controlled substances. Appellant was sentenced to six to twelve years' incarceration followed by one year probation. Appellant is currently serving his sentence at SCI Mercer. Appellant's Brief at 1. For more information about the case, **see Commonwealth v. Yount**, No. 986 WDA 2012, unpublished memorandum (Pa. Super. filed June 5, 2013) (direct appeal), and **Commonwealth v. Yount**, No. 1479 WDA 2009, unpublished memorandum (Pa. Super. filed June 1, 2010) (PCRA).

regarding docket number CR-379-2008, the $526.00 judgment includes $421.00 in costs, and $105.00 in restitution; and regarding docket number CR-382-2008, the $746.00 judgment includes $421.00 in costs/fees, and $325.00 in restitution.[3]

The issue raised here is whether the civil judgments could include costs not provided for in the criminal sentencing order.[4] Appellant argues it could not. In support, among others, Appellant relies on ***Commonwealth v. LeBar***, 860 A.2d 1105 (Pa. Super. 2004), for the proposition that

> [a]lthough [the] statute on imposition of court costs against criminal defendant provided for imposition of mandatory $60 assessment, and [sic] inmate could not be held responsible for additional costs in absence of sentence or valid court order imposing other costs, fees, or restitution.

Motion to Compel, 9/9/13, at 2.

_____

[3] It appears all criminal dockets incorrectly show $105.00 for "Crime Lab User Fee – State Police" as a cost, as opposed to restitution. ***Cf.*** Sentencing Order at 2.

As noted above, restitution is not at issue here, only costs. The same costs ("State Court Costs," "Commonwealth Cost," etc.) appear assessed at all dockets. However, dockets number CR-377-2008 and CR-382-2008 include also "Costs of Transportation," which were not charged in CR-378-2008 and CR-379-2008. According to the Case Financial Information sheet of docket number CR-377-2008, payments were made toward the "Crime Victims Compensation" and "Victim Witness Service," and last payment of $17.43 occurred December 26, 2013.

[4] As noted above, the only costs mentioned in the sentencing order are Act 198 costs and costs associated with DNA testing.

The trial court, in its 1925(a) opinion, stated the claim was without merit "because all costs have been properly assessed pursuant to 16 P.S. § 1403[5 and] 18 P.S. § 11.1101[6]." Trial Court Opinion, 12/17/13 at 1.

_____

[5] Section 1403 (relating to expenses incurred by the district attorney) reads as follows:

> All necessary expenses incurred by the district attorney or his assistants or any office directed by him in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, upon approval thereof by the district attorney and the court, shall be paid by the county from the general funds of the county. In any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant.

16 P.S. § 1403.

[6] The statute reads as follows:

> **(a) Imposition.**
>
> (1) A person who pleads guilty or nolo contendere or who is convicted of a crime shall, in addition to costs imposed under 42 Pa.C.S. § 3571(c) (relating to Commonwealth portion of fines, etc.), pay costs of at least $60 and may be sentenced to pay additional costs in an amount up to the statutory maximum monetary penalty for the offense committed.
>
> . . . .
>
> **(c) Payment.** This cost shall be imposed notwithstanding any statutory provision to the contrary.
>
> **(d) Mandamus.** The district attorney, the Office of Victims' Services, the commission or any victim shall have standing to

*(Footnote Continued Next Page)*

- 4 -

The trial court quoted both statutes, but did not elaborate in any fashion how the costs sought by the Prothonotary fell within the purview of the two provisions.

On appeal, the Commonwealth, similarly, argues the costs were properly assessed, relying on Section 11.1101, and Section 9721(c.1) for the proposition that

> In the event the court fails to issue an order for costs pursuant to section 9728, costs shall be imposed upon the defendant under this section [42 Pa.C.S.A. § 9721].  No court order shall be necessary for the defendant to incur liability for costs under this section.  The provisions of this subsection do not alter the court's discretion under Pa.R.Crim.P. No. 706(C) (relating to fines or costs).

42 Pa.C.S.A. § 9721(c.1).[7]

*(Footnote Continued)* ———————————

> seek a mandamus order requiring the county to collect the costs imposed by this section.
>
> **(e) Court order.** No court order shall be necessary in order for the defendant to incur liability for costs under this section. Costs under this section must be paid in order for the defendant to be eligible for probation, parole or accelerated rehabilitative disposition.

18 P.S. § 11.1101.

[7] It should be noted that "Section 4(1) of 2010, Oct. 27, P.L. 949, No. 96, effective in 60 days [December 27, 2010], provides that '[t]he reenactment, amendment and addition of 42 Pa.C.S. [§] . . .9721(c.1) . . . shall apply to costs imposed on or after the effective date of this paragraph.'"  42 Pa. Pa.C.S.A. § 9721, Historical and Statutory Notes.  The costs at issue here were imposed in 2009.

Before we address the merits of this matter, we determine whether the trial court had jurisdiction over the motion.[8] We conclude it did not.

Courts of common pleas generally enjoy original jurisdiction, except where jurisdiction has been placed in another court. This exception governs this case. The General Assembly has vested original jurisdiction over civil actions against the Commonwealth government in the Commonwealth Court. **See** 42 Pa.C.S.A. 761(a). Here, it is undisputed Appellant is not challenging his sentence; rather, he is challenging the actions taken by the Clerk of Courts,[9] a Commonwealth officer.[10] As such, Appellant should have brought this motion as a petition for review of a governmental determination within

_____

[8] "We have properly raised the question of subject matter jurisdiction *sua sponte*, since if the court below lacked subject matter jurisdiction, its order is void." **Commonwealth v. Danysh**, 833 A.2d 151, 152 (Pa. Super. 2003) (citing **Commonwealth v. Little**, 314 A.2d 270, 272 (Pa. 1974)). However, "[a]lthough the court of common pleas lacked subject matter jurisdiction, we have appellate jurisdiction since this an appeal from a final order." **Id.** at 152 n.1.

[9] **See** Appellant's Brief at 8.

[10] In **Brown v. Levy**, 73 A.3d 514 (Pa. 2013), the Supreme Court noted:

> [T]he clerk of court[s] . . . "is considered to be the Commonwealth government as a Commonwealth officer." **Id.,** at 7 (citing 42 Pa.C.S. § 102 (defining "Commonwealth government" as "government of the Commonwealth, including the courts and other officers or agencies of the unified judicial system"); Pa. Const. art. V, § 15).

**Id.** at 519.

the Commonwealth Court's original jurisdiction. *See Commonwealth v. Jackson*, 858 A.2d 627, 629-30 (Pa. Super. 2004) (*en banc*) (costs deductions action by inmate in a state correctional institution is a civil action against an agency of the Commonwealth, the Department of Corrections, over which the Commonwealth Court has original jurisdiction); *Danysh*, 833 at 154 (same). *See also Spotz v. Commonwealth*, 972 A.2d 125 (Pa. Cmwlth. 2009),[11] *Commonwealth v. Parella*, 834 A.2d 1253, 1255-56 (Pa. Cmwlth. 2003) (vacating the trial court's order denying motion of inmate, who was serving sentence in a state correctional institution, to stop costs deductions because the Commonwealth Court had original jurisdiction;

_____

[11] In *Spotz*, the Commonwealth Court noted:

> [Clerk of Courts] argues that Spotz's instant challenge is properly brought in the [t]rial [c]ourt as the sentencing court of record in this matter. We disagree. Spotz's [Petition for Review of Governmental Action] clearly **does not attack the . . . sentencing order underlying this matter; the nature of his challenge, in fact, relies upon the express wording of that sentencing order**[, which did not include any express language assessing any fines, costs, or reimbursement imposed onto inmate]. Spotz is, in the instant matter, **clearly and unequivocally challenging only the governmental action of [Clerk of Courts]** and the [Department of] Correction Respondents in the wake of the sentencing order, which matter the [t]rial [c]ourt has no jurisdiction over under the instant facts.

*Id.* at 134 (emphasis added). Interestingly, the highlighted quoted language is reproduced, without credit, in Appellant's brief. Appellant's Brief at 8. Appellant, in addition to not mentioning the source, does not mention Spotz brought his action in the Commonwealth Court, not the trial court.

however, "where the method by which an inmate seeks to end . . . deductions involves the validity or modification of the underlying sentence, original jurisdiction lies with the common pleas court," regardless of the place of confinement. *Parella*, 834 A.2d at 1256). Because the common pleas court did not have jurisdiction, we vacate its order, without prejudice to Appellant to file a new action in the Commonwealth Court. *See Jackson*, 858 A.2d at 630 (citing *Danysh*, 833 A.2d at 154 n.4; *Parella*, 834 A.2d at 1255 n.5).

Order vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2014