J-S42016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD TRUMPER, JR. | |
| Appellant | No. 478 MDA 2017 |

Appeal from the Order Entered February 21, 2017
In the Court of Common Pleas of Union County
Criminal Division at No(s): CP-60-CR-0000030-2014
CP-60-CR-0000107-2013
CP-60-CR-0000108-2013
CP-60-CR-0000109-2013
CP-60-CR-0000110-2013
CP-60-CR-0000111-2013
CP-60-CR-0000112-2013
CP-60-CR-0000324-2013

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.:                **FILED NOVEMBER 15, 2017**

Richard Trumper, Jr. appeals *pro se* from the February 21, 2017 order entered in the Court of Common Pleas of the 17th Judicial District (Union County Branch) denying his petition for refund of crime victim compensation fund.  We affirm.

On June 20, 2014, the trial court sentenced Trumper at eight different docket numbers.  Each sentencing order required Trumper to "pay any and all applicable court costs, costs of prosecution, surcharges, and costs of parole

supervision." *See, e.g.,* Order, 6/26/14, CP-60-CR-0000107-2013.[1] Trumper asserts, and the dockets reflect, that he was assessed a $60 fee under section 11.1101 of the Crime Victims Act, 18 P.S. § 11.1101,[2] for each docket.[3]

On January 19, 2017, Trumper filed a petition for refund of crime victim compensation fund alleging that under section 11.1101(a)(1) he should have been required to pay only one $60.00 fee because there was one "sentencing event." The trial court treated the motion as a request to correct an illegal sentence based on a patent error, and, on February 21, 2017, denied the motion. *See, e.g.,* Order, 2/21/17, CP-60-CR-0000107-2013. On March 8,

_____

[1] A sentencing order was entered at each docket on June 26, 2014 and each order included the quoted language.

[2] Section 11.1101 of the Crime Victim's Act states:

**(a) Imposition.--**

(1) A person who pleads guilty or nolo contendere or who is convicted of a crime shall, in addition to costs imposed under 42 Pa.C.S. § 3571(c) (relating to Commonwealth portion of fines, etc.), pay costs of at least $60 and may be sentenced to pay additional costs in an amount up to the statutory maximum monetary penalty for the offense committed.

18 P.S. § 11.1101(a)(1).

[3] As required by section 11.1101(b), Trumper was assessed $35.00 for the Crime Victim's Compensation Fund and $25.00 for the Victim Witness Service Fund. *See* 18 P.S. § 11.1101(b) (providing for disposition of costs collected under subsection 11.1101(a)).

2017, Trumper filed a timely notice of appeal. He raises the following issue on appeal:

> Whether Judge Louise Knecht erred when she determined that [Trumper] was not entitled to a refund of improperly collected funds pursuant to the Crime Victim Compensation Fund?

Trumper's Br. at 2 (full capitalization omitted).

Here, the sentencing orders required Trumper to pay "any and all applicable court costs, costs of prosecution, surcharges, and costs of parole supervision"; the orders did not specify any amount for the costs and surcharges. Order, 6/26/14. Further, the sentencing orders were not required to set the amount of costs assessed. ***See Richardson v. Dep't of Corr.***, 991 A.2d 394, 397 (Pa.Cmwlth. 2010) (noting that "the practice of a judge ordering a defendant to pay costs, and leaving the assessment of the amount to the clerk appears to be a common one, as it has been noted in our cases a number of times, though never as a determinative fact"). Accordingly, we conclude that there are no errors on the face of the sentencing orders. Therefore, the trial court did not err in finding no patent error and dismissing Trumper's petition. ***See Commonwealth v. Holmes***, 933 A.2d 57, 66-67 (Pa. 2007) (courts can exercise inherent power to correct patent errors only when an illegal sentence is obvious, that is, where a sentence imposed is clearly incompatible with record or black letter law).

Further, to the extent Trumper is challenging the actions taken by the Pennsylvania Department of Corrections and/or the Union County Clerk of

Court after imposition of the sentencing order, the trial court lacked jurisdiction to address such a challenge. *See Spotz v. Commonwealth*, 972 A.2d 125, 134 (Pa.Cmwlth. 2009) (noting trial court lacked jurisdiction over challenges to the "governmental actions of [the clerk of courts] and [the Department of Corrections]"); *Commonwealth v. Parella*, 834 A.2d 1253, 1256 (Pa.Cmwlth. 2003) (court of common pleas lacked subject matter jurisdiction over inmate's action to stop Department of Corrections from making deductions from his prison account pursuant to Act 84; inmate did not challenge underlying sentence imposing costs or restitution, and Commonwealth Court has exclusive original jurisdiction over petitions for review of governmental action).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2017

- 4 -