# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tarrence Hendley,        :
       :
       Petitioner    :
       :
       v.        : No. 1285 C.D. 2018
       : Submitted: April 12, 2019
Pennsylvania Board of        :
Probation and Parole,        :
       :
       Respondent :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                   FILED: January 6, 2020

Before this Court is the application for leave to withdraw from the representation of Tarrence Hendley (Hendley) filed by Kent D. Watkins, Esq. (Counsel). On September 14, 2018, Hendley filed a Petition for Review (PFR) with this Court, referencing the March 31, 2016 determination of the Pennsylvania Board of Probation and Parole (Board) recommitting him to serve six months' backtime for technical parole violations.[1]

Following Hendley's application to proceed *in forma pauperis*, we appointed Counsel to represent him. Counsel has filed a no-merit letter and a

---

[1] On September 20, 2005, Hendley was sentenced to an initial term of 8 to 20 years for attempted murder.

petition for leave to withdraw.[2] The record reflects that Counsel notified Hendley of the request to withdraw, provided him with a copy of the no-merit letter, and advised Hendley of his right to retain new counsel or raise any new points he might deem worthy of consideration. Although Counsel's no-merit letter recounts Hendley's parole history through the Board's action of June 20, 2018, Counsel does not identify the determination from which Hendley appeals or address the allegations in Hendley's PFR.

On appeal, Hendley alleges that the Board failed to forward a March 31, 2016 recommitment decision in a timely manner and did not respond to his administrative appeal from that decision until July or August 2017, long after the six-month recommitment period had expired. PFR ¶¶1-6. Hendley further alleges he is entitled to compensation for hardships he endured due to the Board's actions, which he describes as a violation of his constitutional rights and tortious conduct. PFR ¶7.

We first address whether Hendley filed a timely appeal. The timeliness of an appeal goes to the jurisdiction of the Court to hear and decide the

---

[2] Counsel seeking to withdraw must conduct a zealous review of the case and submit a "no-merit" letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009). In addition, counsel must send the petitioner: (1) a copy of the "no-merit" letter; (2) a copy of the petition for leave to withdraw; and (3) a statement that advises the petitioner of the right to retain substitute counsel or proceed *pro se. Turner*, 544 A.2d at 928*; Hughes*, 977 A.2d at 22. "These steps are designed to protect an indigent criminal defendant's right to effective assistance of counsel under the Sixth Amendment of the United States Constitution and to ensure that the attorney seeking to withdraw is not forced to argue against his client, but presents the reviewing court with information that will aid it in determining whether the defendant's appeal is frivolous." 977 A.2d at 22.

appeal. *Altieri v. Pennsylvania Board of Probation and Parole*, 495 A.2d 213, 214 (Pa. Cmwlth. 1985). An appellate court may raise the lack of subject matter jurisdiction *sua sponte* at any time. *Commonwealth v. Little*, 314 A.2d 270, 272 (Pa. 1974); *Commonwealth v. Parella*, 834 A.2d 1253, 1255 (Pa. Cmwlth. 2003).

"A petition for review of a quasi-judicial order . . . shall be filed within 30 days after the entry of the order." Pa. R.A.P. 1512(a)(1). As noted above, Hendley's PFR was docketed with this Court on September 14, 2018, well in excess of 30 days from the decisions identified in his appeal, and almost 90 days after the most recent Board action identified by Counsel. Consequently, Hendley's appeal is untimely and must be quashed for lack of subject matter jurisdiction. *Altieri*.

Counsel's application to withdraw is dismissed as moot.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tarrence Hendley,                          :
                                           :
                    Petitioner             :
                                           :
          v.                               :  No. 1285 C.D. 2018
                                           :
Pennsylvania Board of                      :
Probation and Parole,                      :
                                           :
                    Respondent             :

## O R D E R

AND NOW, this 6th day of January, 2020, Tarrence Hendley's petition for review, filed September 14, 2018, is QUASHED as untimely filed.

The application for leave to withdraw as counsel filed by Kent D. Watkins, Esq. is DISMISSED as moot.

_____
MICHAEL H. WOJCIK, Judge