J-S69026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :            PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
                                :
YUSEF WHITEHEAD                  :
                                :
            Appellant            :    No. 2820 EDA 2018


Appeal from the Judgment of Sentence Entered August 28, 2018,
        in the Court of Common Pleas of Philadelphia County,
        Criminal Division at No(s):  CP-51-CR-0501681-1997.

BEFORE:   SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED MARCH 03, 2020**

Yusef Whitehead appeals from the judgment of sentence imposed upon

resentencing for his conviction of murder of the first degree, rape, robbery,

carjacking, kidnapping and conspiracy to commit murder.[1]  We affirm.

The trial court summarized the relevant facts underlying this appeal as

follows:

> On March 19, 1997, . . . Whitehead, then aged 15 years and 11
> months old, and his co-defendant, 18[-]year[-]old Timothy Rose,
> abducted and robbed the decedent, nurse Calma Calida, as she
> was about to begin her shift at the Philadelphia Geriatric Hospital.
> After spotting the decedent, [Whitehead and Rose] forced her
> back into her car and drove her to Tacony Creek, where they
> stripped her and [Whitehead] repeatedly raped her.  After the
> rape, [Whitehead and Rose] attempted to drown the decedent in

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 2502, 3121, 3701, 3702, 2901, 903.

the creek.  When they failed to do so, [Whitehead] grabbed either a brick or a stone and beat the decedent to death with it.

Trial Court Opinion, 11/9/18, at 2-3.

In 1998, Whitehead was convicted of the above offenses.  The trial court sentenced him to life imprisonment without the possibility of parole ("LWOP") on the murder conviction, and imposed concurrent sentences on the remaining convictions.[2]  Whitehead did not file a direct appeal.  In 2010, Whitehead filed a petition pursuant to the Post Conviction Relief Act ("PCRA").  In 2016, he filed an amendment to his PCRA petition challenging his LWOP sentence in light of **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016).[3]  On appeal of the denial of his amended

---

[2] The trial court imposed concurrent sentences of five to ten years of imprisonment each for rape, robbery, carjacking, and kidnapping, and a four to five year term of imprisonment for conspiracy to commit murder.  Each of Whitehead's sentences was to be served consecutively to any other sentence previously imposed upon Whitehead.  Notably, Whitehead had received prison sentences of seven and one-half to fifteen years for aggravated assault in CP-51-CR-0708691-1997, and ten to twenty years for the gunpoint anal rape of a ten-year-old child in CP-51-CR-0211571-1998 (hereinafter "the two unrelated cases").

[3] In **Miller**, the High Court held that a sentencing scheme that mandates the imposition of a LWOP sentence for a juvenile violates the Eighth Amendment to the United States Constitution.  While it did not foreclose the possibility that a child could be sentenced to life imprisonment without parole in a homicide case, it concluded that sentencing for juveniles must be individualized, and that this requires consideration of the defendant's age at the time of the offense, as well as the hallmark features of youth.  **Miller**, 567 U.S. at 474-7.  In **Montgomery**, the United States Supreme Court held that **Miller** announced a substantive rule that is retroactive in cases on collateral review.  **Montgomery**, 136 S. Ct. at 732.

PCRA petition, this Court granted PCRA relief, and vacated Whitehead's judgment of sentence.

On remand, the trial court resentenced Whitehead on August 28, 2018, as follows: fifty years to life imprisonment for first-degree murder; and concurrent five to ten year prison sentences for rape, robbery, carjacking, kidnapping, and conspiracy to commit murder; all to be served concurrently to Whitehead's sentences in the two unrelated cases. At sentencing, the trial court notified Whitehead that he had ten days in which to file a post-sentence motion. However, Whitehead, who was represented by counsel, did not file a post-sentence motion challenging his sentence.[4] Whitehead did file a timely *pro se* notice of appeal.[5] Both Whitehead and the trial court complied with Pa.R.A.P. 1925.

_____

[4] At the time of sentencing, and throughout the period in which to file a post-sentence motion and a notice of appeal, Whitehead was represented by Jonathan Krinick, Esquire. Attorney Krinick was granted leave to withdraw as counsel on October 3, 2018. Replacement counsel was appointed on October 11, 2018.

[5] Our courts have made clear that a defendant who is represented by counsel may not engage in hybrid representation by filing *pro se* documents. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010). However, while there is no right to hybrid representation, there is a right to appeal pursuant to Article 5, § 9 of the Pennsylvania Constitution. **See Commonwealth v. Ellis**, 626 A.2d 1137, 1138 (Pa. 1993). Because a notice of appeal protects a constitutional right, it is distinguishable from other filings that require counsel to provide legal knowledge and strategy in creating a motion, petition, or brief. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016). The trial court therefore properly docketed the *pro se* notice of appeal and forwarded it to this Court pursuant to Pa.R.A.P. 902 (note).

While this appeal was pending, Whitehead filed a petition asserting the ineffectiveness of sentencing counsel for failing to file a post-sentence motion, and seeking an order from this Court remanding the matter back to the trial court for resentencing or, in the alternative, for the filing of a post-trial motion *nunc pro tunc*. As the appeal had not yet been assigned, this Court entered an order denying the petition without prejudice to re-raise the issue before this panel.

Whitehead accordingly raises the following issues for our review:

1. Did the trial/sentencing court err in structuring of the resentencing of [Whitehead]?

2. Did the Superior Court err in not granting a petition for remand, even though [Whitehead] pled that he was victimized by ineffective assistance of sentencing counsel who failed to file a post[-]sentence motion for reconsideration of sentence so that [Whitehead] could raise abuse of discretion on appeal?

Whitehead's Brief at 3 (some capitalization omitted).

As Whitehead's issues are related, and his counsel presents them as a single issue in the argument section of his brief,[6] we will address them together. Whitehead contends that the only potentially meritorious issue that he could raise on appeal is a challenge to the discretionary aspects of his

_____

[6] Pursuant to our Rules of Appellate Procedure, Whitehead was required to structure his appellate brief so that the argument section of the brief was "divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Whitehead failed to comply with this requirement.

sentence. However, Whitehead acknowledges that he failed to preserve the issue for our review, since he did not file a post-sentence motion challenging his sentence before the trial court. Whitehead argues that his sentencing counsel rendered ineffective assistance by failing to file a post-sentence motion challenging his sentence. He asserts that, in the interests of justice, this Court should remand the matter to the trial court for resentencing, so that Whitehead may thereafter file a timely post-sentence motion.[7]

As we have explained, "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief

---

[7] Whitehead does not contend that his sentence, as reflected in the sentencing order, is illegal. However, as an additional basis for remand, Whitehead alludes to inaccuracies in the sentence status summary prepared by the Department of Corrections ("DOC"). He claims that the summary does not accurately reflect the sentence imposed by the trial court in its sentencing order. Whitehead's Brief at 9. This is not a matter which falls within this Court's jurisdiction. Rather, a claim of an erroneous calculation by the DOC should be filed directly with the DOC or in an original action before the Pennsylvania Commonwealth Court. **See e.g., Commonwealth v. Parella**, 834 A.2d 1253, 1254 (Pa. Cmwlth. 2003) (noting that a claim against the DOC falls within the exclusive original jurisdiction of the Commonwealth Court under 42 Pa.C.S.A § 761(a)); **see also Commonwealth v. Jackson**, 858 A.2d 627 (Pa. Super. 2004); **Commonwealth v. Danysh**, 833 A.2d 151 (Pa. Super. 2003).

has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Id*. (citation omitted).

In the instant case, Whitehead filed a timely notice of appeal. However, he did not preserve his sentencing claim at sentencing or in a timely post-sentence motion to reconsider and modify sentence. *See Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004) (holding that an objection to the discretionary aspects of a sentence is waived when not raised in a post-sentence motion or during the sentencing proceedings). Thus, due to this deficiency, we are precluded from reviewing the merits of Whitehead's discretionary sentencing claim. As a result, we affirm the judgment of sentence, without prejudice to Whitehead's right to raise his ineffectiveness claims in a timely PCRA petition.[8]

Judgment of sentence affirmed.

---

[8] While Whitehead's sentencing counsel may have been ineffective for failing to file a post-sentence motion, we may not address that issue. First, it was not presented to or addressed by the trial court. *See* Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Second, and more importantly, litigation of ineffectiveness claims is not generally a proper component of a defendant's direct appeal, and is presumptively deferred for collateral attack under the PCRA. *See Commonwealth v. Holmes*, 79 A.3d 562, 578 (Pa. 2013).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/20