IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,      :
     :
     v.      :      No. 901 C.D. 2024
     :      Submitted: August 8, 2025
George Roberts, Jr.,      :
     Appellant      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE STACY WALLACE, Judge
            HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER       FILED: November 20, 2025


George Roberts, Jr., pro se, appeals the January 12, 2024 Order of the Court of Common Pleas of Fayette County (common pleas), which denied his Motion to Stop 25% Deduction and Return of Monies from Inmate's Account Pursuant to Section 8127 of the Judicial Code, 42 Pa.C.S. § 8127 (Motion) for lack of subject matter jurisdiction. Common pleas reasoned that it lacked subject matter jurisdiction because the Motion is an action seeking to stop deductions from an inmate account to pay costs and fines under Section 9728(b)(5) of the Sentencing Code, 42 Pa.C.S. § 9728(b)(5), commonly known as "Act 84," over which this Court has exclusive original jurisdiction. After review, we affirm the Order of common pleas because proper jurisdiction over the Motion lies in this Court pursuant to Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1).

Roberts is incarcerated at the State Correctional Institution at Somerset, serving a 10-to 20-year sentence imposed by common pleas in August 2008. As part of that sentence, common pleas ordered Roberts to pay over $21,000 in costs, fines, and restitution. Fifteen years later, in August 2023, Roberts filed the Motion, seeking to stop the Pennsylvania Department of Corrections (Department) from deducting monies from his inmate account to pay the costs, fines, and restitution.[1]

In the Motion, Roberts averred that upon his commitment, the Clerk of Courts for Fayette County (Fayette clerk) informed the Department that Roberts owed over $21,000 in costs, fines, and restitution. Thereafter, the Department began deducting 20% and later 25% from Roberts's inmate account to pay the unpaid costs, fines, and restitution. By requesting and taking 25% deductions from his inmate account, Roberts argued that the Fayette clerk and the Department violated Pennsylvania law and his due process rights. Specifically, Roberts alleged that Section 9728(b) of the Sentencing Code does not authorize the Fayette clerk to request 25% deductions, and the Department is not authorized to determine the amount of a deduction. Roberts further alleged that the Fayette clerk should have sought a hearing pursuant to Section 9730(b) of the Sentencing Code, 42 Pa.C.S. § 9730(b), to determine his ability to pay 25% of his earnings toward the unpaid costs, fines, and restitution. Therefore, Roberts requested that common pleas order the Department to cease the deductions and the Fayette clerk to reimburse him over $8,000.

---

[1] Roberts first filed the Motion in the Court of Common Pleas of Tioga County, which promptly forwarded the Motion to common pleas because the Motion regarded Roberts's criminal case in Fayette County. Common pleas received the Motion on September 1, 2023. Subsequently, Roberts filed an identical motion with common pleas in October 2023.

In the Order, common pleas denied the Motion for lack of subject matter jurisdiction because the Motion is an action under Act 84, which should be brought against the Department in the original jurisdiction of this Court. In an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), common pleas further reasoned that there are no exceptions that would permit it to provide the relief Roberts sought given the facts underlying the Motion. Additionally, common pleas explained that Roberts improperly filed the Motion under his criminal docket and did not name the Department as a respondent. Thus, common pleas denied the Motion and clarified that Roberts should bring the action in this Court's original jurisdiction.

Roberts now appeals the Order.[2] With briefing before this Court complete,[3] we may address whether common pleas erred in denying the Motion.[4]

To begin, the county clerk of courts and the Department play a role in the collection of costs, fees, and restitution through deductions under Act 84. *See* 42 Pa.C.S. § 9728(b). Pursuant to Section 102 of the Judicial Code, the county clerk of courts and the Department are considered the "Commonwealth government." 42 Pa.C.S. § 102 (defining "Commonwealth government" as "including the courts and

---

[2] Roberts initially filed two notices of appeal of the Order with the Superior Court, docketed at Nos. 172 WDA 2024 and 212 WDA 2024. On May 17, 2024, the Superior Court dismissed the appeal docketed at 212 WDA 2024 as duplicative of the appeal docketed at 172 WDA 2024. A few days earlier, on May 14, 2024, the Superior Court directed Roberts to show cause why the court should not transfer the appeal docketed at 172 WDA 2024 to this Court. Without receiving a response from Roberts, the Superior Court transferred the appeal docketed at 172 WDA 2024 to this Court on July 15, 2024, reasoning that this Court has original jurisdiction over the Motion.

[3] On November 18, 2024, this Court precluded Appellee Commonwealth of Pennsylvania from filing a brief and participating in oral argument, if scheduled, because Appellee did not file a brief pursuant to this Court's October 4, 2024 Order.

[4] This Court's review is limited to whether common pleas violated the constitutional rights of Roberts, committed an error of law, or abused its discretion. *See Commonwealth v. Parella*, 834 A.2d 1253, 1255 n.3 (Pa. Cmwlth. 2003).

3

other officers or agencies of the unified judicial system" and "the departments, board, commissions, authorities and officers and agencies of the Commonwealth"); *see also Richardson v. Peters*, 19 A.3d 1047, 1047-48 (Pa. 2011) (per curiam) (holding the county clerk of courts "is considered to be the Commonwealth government" under the Judicial Code). Under Section 761(a)(1) of the Judicial Code, this Court has original and exclusive jurisdiction over civil actions "[a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity," subject to delineated exceptions not relevant here. 42 Pa.C.S § 761(a)(1). Generally, therefore, "[m]atters challenging Act 84 deductions are properly brought before this Court in our original jurisdiction." *Sherwood v. Pa. Dep't of Corr.*, 268 A.3d 528, 539 (Pa. Cmwlth. 2021). However, "where the method by which an inmate seeks to end Act 84 deductions involves the validity or modification of the underlying sentence, original jurisdiction lies with the common pleas court." *Commonwealth v. Parella*, 834 A.2d 1253, 1256 (Pa. Cmwlth. 2003).

Here, the Motion does not involve the validity or modification of Roberts's sentence. Rather, Roberts seeks to stop the 25% deductions from his inmate account pursuant to Act 84 by challenging the actions of the Fayette clerk and the Department, i.e., the Commonwealth government. Accordingly, common pleas did not err in denying the Motion for lack of subject matter jurisdiction because proper jurisdiction over the Motion lies in this Court's original and exclusive jurisdiction. *See* 42 Pa.C.S § 761(a)(1); *Sherwood*, 268 A.3d at 539; *Parella*, 834 A.2d at 1256.

4

For these reasons, we affirm the Order of common pleas on jurisdictional grounds without prejudice for Roberts to seek relief in this Court.[5]

_____
RENÉE COHN JUBELIRER, President Judge

_____

[5] Under different circumstances, common pleas could have transferred the Motion to this Court pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a). However, Roberts filed the Motion in the criminal division of common pleas and did not name the Department as a respondent. *See Parella*, 834 A.2d at 1255 n.5 (stating that the Department or an officer thereof should be named as a respondent in Act 84 challenges). Therefore, we will not require the transfer of the Motion to this Court; rather, we will allow Roberts to file a new action in this Court's original jurisdiction naming the proper respondent. *See Commonwealth v. Martin* (Pa. Cmwlth., No. 1212 C.D. 2010, filed Mar. 18, 2011), slip op. at 5 (affirming a common pleas order on jurisdictional grounds without prejudice for an inmate to file a new action with this Court challenging an Act 84 deduction instead of requiring a transfer for similar reasons). We cite *Martin* for its persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,    :
    :
         v.    :    No. 901 C.D. 2024
    :
George Roberts, Jr.,    :
         Appellant    :

# **O R D E R**

**NOW**, November 20, 2025, the January 12, 2024 Order of the Court of Common Pleas of Fayette County is **AFFIRMED**.

_____
RENÉE COHN JUBELIRER, President Judge