IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
   :
v.    :    No. 69 C.D. 2025
   :    Submitted: March 3, 2026
Derrick Lamar King,    :
       Appellant    :

BEFORE:    HONORABLE LORI A. DUMAS, Judge
          HONORABLE MATTHEW S. WOLF, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT          FILED: April 8, 2026

Derrick King, an inmate at the State Correctional Institution at Greene, *pro se*, appeals an order of the Court of Common Pleas of Berks County (trial court) dismissing King's motion to postpone payment of fines and costs for lack of jurisdiction. The trial court held that a challenge to Act 84[1] deductions from an inmate's prison account is committed to the Commonwealth Court's original and exclusive jurisdiction. On appeal, King argues that he is not challenging the deductions from his inmate account but, rather, the sentencing court's imposition of fees and costs. For the following reasons, we vacate the trial court's order and remand the matter for disposition on the merits.

On September 5, 2019, King was sentenced to serve 21 to 42 months in prison for his conviction of aggravated assault and two counts of simple assault. Original Record (O.R.), Item No. 16. *See also Commonwealth v. King* (Pa. Super.,

---

[1] Act of June 18, 1998, P.L. 640, No. 84 (Act 84). Act 84 amended Section 9728 of the Sentencing Code, 42 Pa. C.S. §9728, to add subsection (b)(5), which authorizes the Department of Corrections to make deductions from inmate accounts to pay court-ordered obligations imposed by the sentencing court.

No. 2035 MDA 2019, filed October 20, 2020).  As part of his sentence, King was ordered to pay restitution in the amount of $300, and fines and costs of $1,194.92, for a total of $1,494.92.  O.R., Item No. 17.  *See also* O.R., Item No. 20 at 14.

> In May of 2024, King wrote to the trial court, asserting that
>
> the order from the sentencing hearing judge saying to deduct Act 84 or to tell [the Department of Corrections'] given authority to make automatic deductions from funds held in my inmate account.  This will violate 42 Pa. C.S. [§]9726(c) Sentencing Code and Com[monwealth] v[.] Ford[,] [] 217 A.3d 824[] [(Pa. 2019)], [b]ecause I never received ability[-]to[-]pay hearing.

Original Record, Item No. 52 at 2.[2]  The trial court construed King's letter as a motion to postpone payment of fines and costs, which it denied for the stated reason that it lacked jurisdiction.  O.R., Item No. 53.  In its Pa.R.A.P. 1925(a) opinion, the trial court explained that King sought to stop his Act 84 deductions by the Department of Corrections from his inmate personal account to pay court-ordered obligations.  However, matters arising from Act 84 deductions are properly brought to the Commonwealth Court.  Trial Court Pa.R.A.P. 1925(a) Op. at 3 (citing *Sherwood v. Pennsylvania Department of Corrections*, 268 A.3d 528 (Pa. Cmwlth. 2021)).

---

[2] In February 2023, King filed a "Waiver of Collections of Court Cost, Fines and Restitution," seeking "a waiver of the 20% deduction" from his inmate account for payment of fines, costs and restitution because Act 84 violated the separation of powers doctrine, usurped the trial court's power to determine an inmate's ability to pay fines and costs, and violated due process because he was not afforded a proceeding to determine his ability to pay while incarcerated."  O.R., Item No. 49 at 2.  On February 8, 2023, the trial court denied the motion for lack of jurisdiction.  O.R., Item No. 50.  King did not appeal this order.

On appeal,[3,4] King raises three issues. First, King argues that the Act 84 deductions from his inmate account should be stopped because the sentencing court did not address his financial ability to pay fines and costs prior to imposing these obligations, as required by Section 9726 of the Judicial Code.[5] *See Commonwealth v. Ford*, 217 A.3d 824 (Pa. 2019). The sentencing court's failure to address his ability to pay rendered his sentence void, eliminating the basis for Act 84 deductions. Second, King contends that he did not know about the requirements of Section 9726 at the time of his sentencing, and his court-appointed attorneys did

---

[3] King originally filed his appeal with the Pennsylvania Superior Court, which transferred the appeal to this Court.

[4] Whether a court has jurisdiction is "a pure question of law[;]" as such, our standard of review "is *de novo* and the scope of review is plenary." *Mazur v. Trinity Area School District*, 961 A.2d 96, 101 (Pa. 2008).

[5] It states:

> **(a) Fine only.--**The court may, as authorized by law, sentence the defendant only to pay a fine, when, having regard to the nature and circumstances of the crime and to the history and character of the defendant, it is of the opinion that the fine alone suffices.
>
> **(b) Fine as additional sentence.--**The court may sentence the defendant to pay a fine in addition to another sentence, either involving total or partial confinement or probation, when:
>
> > (1) the defendant has derived a pecuniary gain from the crime; or
> >
> > (2) the court is of the opinion that a fine is specially adapted to deterrence of the crime involved or to the correction of the defendant.
>
> **(c) Exception.--**The court shall not sentence a defendant to pay a fine unless it appears of record that:
>
> > (1) the defendant is or will be able to pay the fine; and
> >
> > (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime.
>
> **(d) Financial resources.--***In determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose.*

42 Pa. C.S. §9726 (emphasis added).

3

not raise this issue. Third, King argues that requiring him to pay more than $1,400 in fines and costs is "manifestly excessive as to constitute too severe (a) punishment" because he is indigent and does not have money to pay these obligations. King Reply Brief at 4.

The Commonwealth responds that original jurisdiction over Act 84 deductions lies exclusively with this Court. *See Commonwealth v. Danysh*, 833 A.2d 151 (Pa. Super. 2003) (Commonwealth Court has original jurisdiction over civil suits against statewide actors, including the Department of Corrections); *Commonwealth v. Parella*, 834 A.2d 1253 (Pa. Cmwlth. 2003) (lower court order refusing to stop Act 84 deductions vacated because original jurisdiction lies in this Court).

By way of background, Act 84 permits the Department of Corrections to make deductions from inmates' prisoner accounts during their incarceration. Section 9728 of the Judicial Code states, in pertinent part, as follows:

(5) Deductions shall be as follows:

(i) The Department of Corrections shall make monetary deductions of at least 25% of deposits made to inmate wages and personal accounts for the purpose of collecting restitution, costs imposed under section 9721(c.1), filing fees to be collected under section 6602(c) (relating to prisoner filing fees) and any other court-ordered obligation.

. . . .

(iii) Any amount deducted under this paragraph shall be in addition to the full amount authorized to be collected pursuant to any order for support. Any amount deducted shall be transmitted to the probation department of the county or other agent designated by the county commissioners with the approval of the president judge of the county in which the offender was convicted.

(iv) The Department of Corrections . . . shall develop guidelines relating to its responsibilities under this

4

paragraph. The guidelines shall be incorporated into any contract entered into with a correctional facility.

42 Pa. C.S. §9728(b)(5)(i), (iii)-(iv).

Section 761(a)(1) of the Judicial Code vests this Court with original and exclusive jurisdiction over civil actions "[a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity," subject to delineated exceptions not relevant here. 42 Pa. C.S. §761(a)(1). For this reason, "[m]atters challenging Act 84 deductions are properly brought before this Court in our original jurisdiction." *Sherwood*, 268 A.3d at 539. However, "where the method by which an inmate seeks to end Act 84 deductions involves the validity or modification of the underlying sentence, original jurisdiction lies with the common pleas court." *Parella*, 834 A.2d at 1256. Finally, if a matter is filed in a court lacking jurisdiction, the case should be transferred to the proper tribunal, not dismissed. *See* 42 Pa. C.S. §5103(a).[6]

Here, the trial court treated King's letter as a motion challenging the Department of Corrections' authority to make Act 84 deductions from his inmate

---

[6] It states:

> **(a) General rule.--**If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. *A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.*

42 Pa. C.S. §5103(a) (emphasis added).

account to pay court-ordered fines and costs. It did so, apparently, because King requested "the order from the sentencing hearing judge saying to deduct Act 84 or to tell [the Department of Corrections'] given authority to make automatic deductions from funds held in my inmate account." O.R., Item No. 52 at 2. However, King's motion also stated that the court-ordered obligations violate the "Sentencing Code and Com[monwealth] v[.] Ford[,] [] 217 A.3d 824[] [(Pa. 2019)[7]]," because he was not given an ability-to-pay hearing. O.R., Item No. 52 at 2. Read liberally and as a whole, King's motion challenges his sentence, not the method of collection of fines and costs. *Commonwealth v. Lyons*, 830 A.2d 663, 665 (Pa. Cmwlth. 2003) ("Act 84 relates only to the method of collection and has no bearing whatsoever on the legality of [a] sentence[].").

This Court has held that "if an inmate challenges Act 84 deductions by questioning whether he was afforded an ability[-]to[-]pay inquiry at the time of his original sentence, such a challenge implicates the validity of the original sentence and should be heard by the common pleas court[.]" *Parella*, 834 A.2d at 1256. Because King's motion challenged his underlying sentence, we hold the trial court had subject matter jurisdiction over King's motion.

Accordingly, the order of the trial court is vacated and the matter is remanded for disposition on the merits.

_____
MARY HANNAH LEAVITT, President Judge Emerita

_____

[7] In this case, the Pennsylvania Supreme Court held that Section 9726(c) of the Sentencing Code requires record evidence of a defendant's ability to pay a fine, even in the context of a negotiated guilty plea. Because no such evidence was in the record, the Supreme Court concluded that the lower court imposed an illegal sentence and vacated the sentence in its entirety.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania : 
                                  :
            v.                  :         No. 69 C.D. 2025
                                    :
Derrick Lamar King, : 
                  Appellant     :

## **O R D E R**

AND NOW, this 8th day of April, 2026, the order of the Berks County Court of Common Pleas, dated June 14, 2024, is VACATED, and the matter is REMANDED for further proceedings consistent with the foregoing memorandum opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge Emerita